### DODGE et al. v. HEDDEN, Collector.

*(Circuit Court, S. D. New York. October 30, 1889.)*

1. CUSTOMS DUTIES—CONSTRUCTION OF LAWS—TRADE USAGE.
   The trade usage which is to determine the meaning of a word or words in the tariff must be a well-known and general one.
2. SAME—EVIDENCE—BIAS OF WITNESSES.
   In weighing the testimony of witnesses as to trade usage, the jury should consider the extent to which any of the witnesses may have an interest in the result of the litigation which might color their evidence.
3. SAME—CLASSIFICATION—OIL OF PETIT GRAIN—OIL NEROLI.
   Oil of petit grain, distilled from the leaves, twigs, and immature fruit of the orange tree, was found by the jury to have been generally known and recognized in trade and commerce in 1883 as one of the subdivisions of oil neroli, (mentioned in the free-list.)

*(Syllabus by the Court.)*

At Law. Action to recover duties.

Plaintiff imported at the port of New York quantities of an essential oil called "oil of petit grain." This oil was distilled from the leaves, twigs, and immature fruit of the orange tree. The collector assessed it for duty at 25 per cent., under the provision in Schedule A of the tariff act of March 3, 1883, for "all preparations known as ' essential oils,' not specially enumerated or provided for in this act." The importer claimed it to be free of duty under the provision in the free-list of the same act for "oil neroli or orange flowers." There was a conflict of testimony as to whether this latter term in trade and commerce included oil of petit grain.

*Arnoux, Ritch & Woodford* and *Stephen G. Clarke,* for plaintiff.

*Edward Mitchell,* U. S. Atty., and *W. Wickham Smith,* Asst. U. S. Atty., for defendant.

LACOMBE, J., *(charging jury.)* · If there were no evidence in this case, if we had nothing here but the tariff act, and the meaning which the dictionary gives to the word "neroli," namely, that it is the essential oil obtained from the flowers of the bitter orange, I should have to instruct you to find a verdict for the defendant, because it appears that the article imported by the plaintiff is not distilled from orange flowers. There is evidence, however, which was introduced under a general prin-

ciple of interpretation of all these tariff acts, to-wit, that inasmuch as they deal with trade and commerce, it is supposed that their framers, when they used words and phrases, used the same with the meaning which traders and commercial men give to them. For that reason testimony was introduced touching the trade meaning of the words "oil neroli," and also touching the trade designation and recognition of the article here imported. The question, therefore, which comes to you to be determined as a question of fact, is whether prior to March 3, 1883, oil such as was imported by this plaintiff (that is, oil made not from the flowers, but from the leaves, twigs, and immature fruit of the orange tree, generally described as "petit grain") was generally regarded and recognized in trade and commerce in this country as "oil neroli." That is the question of fact to be determined by you. In determining that question there are certain suggestions which should be made to you. In the first place, we start with the presumption that the collector knew what his duty was, and did it; in other words, we start with the presumption that the collector's determination was a correct one. That is a presumption which the plaintiff must overcome by affirmative proof. As the law expresses it, he has the burden of proof to show that the government's agent made a mistake in assessing duty upon this particular article. He must overcome that presumption by affirmative proof. He must satisfy you by a fair preponderance of evidence that the collector was wrong. If he does not so satisfy you, or if he even brings the scales just even, and leaves you in such a frame of mind that you are unable to decide whether he has shown the collector to be wrong or not, then he has not borne the burden of proof which the law lays upon him, and has not made out his case. In weighing the testimony of witnesses in all cases, it is, of course, proper for the jury to take into consideration whatever interest it may appear from the evidence that they may have in the result of the litigation in which they are testifying, with a view to determine what probable or possible bias may be operating upon the mind of a witness to (unintentionally, perhaps) color his evidence. That is a matter appropriate for the jury always to take into consideration. Lastly, the trade usage which is to be determinative of the question must be a general one. It is not determined by finding out how an article is occasionally called by individual firms, or how it may be designated in some few particular localities, or even by some single branch of the trade, if that branch is only one of the many branches of the trade which deal in the article, and the other branches of the trade do not know it by the same designation. Of course, congress, in providing these tariff acts, considers the country at large and trade at large; and, in order to determine whether an article is or is not within a trade designation, you must be satisfied that the trade usage with regard to the use of the term and the classification of the article is a well-known and general usage. With these suggestions the question is submitted to you to determine what the the fact is; and, if you find that the article imported here is petit grain, made from the leaves, twigs, and immature fruit of the orange tree, and was generally regarded and recognized in the trade and commerce of this

country as oil neroli, then your verdict must be for the plaintiff; otherwise your verdict must be for the defendant.

The jury found a verdict for the plaintiff.