Bass *et al. v.* Wolff & Hopp *et al.*

1. That a petition praying for a receiver is not verified is no cause for dismissing the petition at the final hearing on the merits, the receiver having been previously appointed and no exception taken to that appointment.
2. A court of equity of the county in which letters of guardianship were granted has no jurisdiction to call the guardian to account on behalf of the ward if the guardian resides in another county, no substantial relief being prayed against any other defendant. Code, §§5169, 5172, 4183. Whilst he may waive the want of jurisdiction over his person so as to bind himself, he can make no waiver that will affect his creditors. A decree rendered without jurisdiction save as derived from his appearance and waiver, will be treated as void, at the instance of creditors, where it comes in conflict with their rights. *Beach* v. *Atkinson,* 87 *Ga.* 288, and cases cited.            *Judgment affirmed.*

February 15, 1892.

Practice. Verification. Jurisdiction. Guardian and ward. Debtor and creditor. Before Judge Jenkins. Baldwin superior court. July term, 1891.

On January 28, 1891, W. H. Bass, of Baldwin county, made a deed of assignment for creditors to T. T. Windsor. The deed recites that Bass is financially involved and unable to pay his indebtedness, and wishes to turn over all his assets to his creditors and to wind up and discontinue the mercantile business in which he is engaged; and therefore he conveys to Windsor, in trust for the purposes hereinafter expressed, all of the stock of goods, store fixtures, etc., of Bass in Milledgeville, and

all his other property therewith connected, a schedule of which is attached, and also his residence house and lot in Milledgville (describing it), together with all and singular any other property of said Bass, if any; to have and to hold the same in trust for the following purpose: first, to take charge of the same, to collect all claims due Bass, and to convert all such property into cash by public or private sale in his discretion; second, from the proceeds of such property to pay the reasonable fees and charges of Windsor in the record of this deed and in the execution and discharge of the trust conferred by it, and in the payment of the fees of counsel who may be employed to aid him; "third, to pay off and discharge any liens now existing on said property according to their priority"; fourth, then to pay all the claims as designated in a schedule of creditors attached to the deed, held against the assignor, in full, or *pro rata* in case the assets are not sufficient to pay all such in full. Among the other names and amounts in the schedule of creditors was, "W. A. Davis, trustee, $3,410." On the same day the assignment was executed, a mortgage dated six days previously was recorded, the mortgagor being W. H. Bass and the mortgagee W. A. Davis, trustee. It recites that, "Whereas I am indebted to W. A. Davis as trustee of Emma P. Burge, as appears from a decree of the superior court of Hancock county, Ga., rendered on the 16th day of October, 1890, in the sum of four thousand four hundred and thirty $\frac{71}{100}$ dollars with interest since October 16, 1890, but on which there is a credit of one thousand and twenty $\frac{41}{100}$ dollars made on 27th day of October, 1890, for trust money invested in the property herein described, but on which decree no *fi. fa.* has been issued, nor has said judgment been recorded in the county of Baldwin: now, therefore, to better secure the payment of said sum so due to said trustee, I, W. H. Bass of the county of Baldwin, do hereby sell, mortgage

and convey to the said W. A. Davis, trustee, [the residence house and lot of Bass] . . provided always that if said Bass should pay said amount due on said decree, then this mortgage to be void; else of full force and effect."

On February 25, 1891, five of the creditors named in the schedule attached to the assignment, brought their petition in which they alleged that the schedule lien in favor of Davis, trustee, ought not to have preference or even *pro rata* satisfaction from the assets, it not being a proper lien nor valid judgment, nor even a proved account; for that on February 15, 1890, Mrs. Emma P. Burge, of Tennessee, filed in Hancock superior court a bill against W. H. Bass of Baldwin county and four others of Hancock county, three of them being minors without guardian; that no semblance of substantial relief was sought against any of said defendants except Bass, and the names of the others could have been inserted for no other purpose than to give jurisdiction to the court away from Bass's residence where vigilant creditors would have notice to resist the creation of this consuming lien; that the verdict and decree therein were made by consent and collusion of parties, without proof of claim; that the *fi. fa.* issuing therefrom was withheld from record in Baldwin county; and that, as petitioners have learned through the assignee, and through R. H. Lewis who seems to represent the assignment and the decree also, they intend to levy the *fi. fa.* "and sell the same under it," regardless of the assignment, whereby the assets, already insufficient to pay preferred debts, will be sacrificed to the further damage of creditors. Petitioners pray for decree vacating the assignment and lodging the assets of Bass in the custody of C. B. Gause as receiver, with instructions to convert the same into cash to be distributed by subsequent order; that the decree of Davis, trustee of Mrs. Burge, be decreed void for

want of jurisdiction in the court granting it, and said party be allowed to submit proofs of the justice of the claim of Mrs. Burge as open account; that other creditors be allowed to become parties hereto; for general relief; and that process issue to said W. H. Bass, T. T. Windsor, and W. H. Davis of Bibb county. By amendment the petitioners prayed that the mortgage from Bass to Davis, trustee, above quoted, which mortgage is not mentioned in the assignment, be set aside and annulled as with fraudulent purpose to hinder and defraud creditors. To this petition were attached as exhibits the deed of assignment with its schedules, the record of the litigation in Hancock county, and the mortgage to Davis, trustee.

The defendants filed their answers on March 17, 1891. At the trial, July 20, 1891, they demurred on the grounds, among others, that the petition fails to allege such grounds as would entitle the petitioners to the relief asked for; that it is not verified; that it fails to set out any specific amount which any of the petitioners claim against Bass, and does not allege that any of their claims are due or when they will become due; that the petition attacks the judgment from Hancock superior court without making Mrs. Burge or the other parties interested in that litigation parties to this suit; that the petition attacks the Hancock county judgment for fraud and collusion without setting out in what the same consisted or the parties thereto, and also seeks to attack the judgment collaterally; and that the petition seeks to enjoin and restrain the receiver appointed by Hancock superior court in the performance of the duties of his receivership. This demurrer was overruled, and this ruling forms one of the exceptions.

Another exception is to the ruling of the court that the Hancock county decree was not a legal lien as to creditors and not entitled to priority in the distribution

of the assets of Bass, either as a subsisting lien and judgment or as a preferred lien under the assignment. It appears that in February, 1890, Mrs. Emma P. Burge brought her petition to Hancock superior court, to which petition was attached a copy of the will of John T. Martin of that county. She alleged that she was the granddaughter of Martin; that the other beneficiaries under the will were W. A. Martin who was *sui juris*, and three named minor children, all four of which other beneficiaries were residents of Hancock county; that the will bequeathed to petitioner a certain legacy for life, the same to be used for her support, and should she die without issue, the same to revert to the testator's estate; that while petitioner was a minor the executors of the will delivered over her property, then in their hands, to W. H. Bass of Baldwin county, who at that time was appointed her guardian; that he had held the possession and collected the income since that time; that the executors had been discharged; that by virtue of petitioner's arrival at majority the letters of guardianship abated; that petitioner had a daughter born February, 1889; that Bass held the *corpus* of her estate consisting of $4,447.49, invested in two bonds of $1,000 each, and the remainder invested in real estate in Baldwin county; that the latter investment was illegal, and upon being first informed of it she repudiated it; that she was a resident of Chattanooga and desired to have a home in Macon, Georgia, and further desired that the greater portion of the estate be invested in real estate in that city, the title to which should be in a trustee for her use, and she prayed that W. A. Davis of Bibb county be appointed as trustee for her and the other beneficiaries under the will of Martin. She further prayed that this petition be served on W. A. Martin and the minors above named, and on Bass; that Bass turn over to her trustee the *corpus* of the estate; that the trustee

be authorized to invest the trust fund as above stated, and for general relief. On this petition a guardian *ad litem* for the minors was appointed, and filed an answer admitting the recitals of fact in the petition to be true, and praying that the contingent interest of his wards be guarded, etc. Bass filed an answer admitting his appointment as guardian by the court of ordinary of Hancock county, and setting up that his acts as guardian were authorized, and praying that they be confirmed, and that on making settlement with the trustee to be appointed, he be discharged from all liability to the petitioner. By amendment the petitioner alleged that it was unnecessary she should incur the expense of the appointment of a trustee as originally prayed for, and in lieu thereof she prayed that W. A. Davis of Bibb county be appointed receiver to take charge of the fund left in the guardianship after deducting legitimate charges on said fund, including guardian's fees and ten per cent. of the amounts recovered as fees for petitioner's counsel; and that the receiver invest such fund in such real estate as she might select with his concurrence, taking a deed conveying the same to her for life, and at her death to such child or children or grandchild or grandchildren as she might leave, and should she die childless, then to the beneficiaries in the will of John T. Martin named in such contingency. A verdict and decree were rendered in accordance with the prayers of the amendment, in which it was ordered that Bass pay to Davis, receiver, $4,430.71, which was the sum found to be in his hands after deducting guardian's fees, $100 fees due his attorney, taxes and ordinary's costs. Upon such settlement it was ordered that the acts of the guardian as to the estate in his hands be confirmed, etc.

Upon issues of fact submitted to the jury they found that the assignment was valid, and that the mortgage from Bass to Davis was delivered before the deed of

assignment was executed and before the filing of this suit. In the decree of the court it was ordered that Gause, receiver, pay to Davis, trustee, $2,010 arising from the proceeds of sale, under a former decree, of the mortgaged house and lot in Milledgeville, which sum should be deducted from the schedule claim of Davis, trustee, the balance thereof to be scheduled with other *pro rata* creditors as set out in the assignment; and that the balance of the fund in the receiver's hands thereafter be paid *pro rata* to all the creditors. This decree is assigned as error.

R. H. LEWIS, for plaintiff in error.

C. P. CRAWFORD, by brief, *contra*.