## In re ZEIMER et al.

(Circuit Court, S. D. New York.  February 18, 1895.)

CUSTOMS DUTIES—CLASSIFICATION—ARTIFICIAL LEAVES.

Artificial leaves, made to resemble leaves of oak, ivy, currant, etc., and manufactured of colored cotton cloth, metal, and wax, cotton being the component material of chief value, cannot be classified as "artificial flowers or parts thereof," under Act Oct. 1, 1890, par. 443, and Act March 3, 1883, par. 429, Schedule N, but must be assessed under Act 1890, pars. 425, 355, and Act 1883, par. 388, Schedule M, and par. 324, Schedule I, as manufactures of cotton and paper.

This was an application by Zeimer & Feldstein, importers of certain artificial leaves, for a review of the decision of the collector of the port of New York as to the rate of duty on such merchandise.

The collector assessed the merchandise, consisting of artificial leaves made to resemble leaves of oak, ivy, etc., as "artificial flowers or parts thereof."  A portion of this merchandise was imported prior to the act of 1890.  The paragraphs in question are 443 of the act of October 1, 1890, and 429 (Schedule N) of the act of March 3, 1883.  The importers protested, insisting that the merchandise in question should have been classified as manufactures of paper

and cotton under paragraphs 425 and 355 of the act of October 1, 1890, and under paragraphs 388 (Schedule M) and 324 (Schedule I) of the act of March 3, 1883.

Albert Comstock, for importers.

Jason Hinman, Asst. U. S. Atty., for collector.

COXE, District Judge. The question is whether the imported artificial leaves should be classified as "artificial flowers or parts thereof," or as "manufactures of cotton" and paper. The board found that these leaves were made of colored cotton cloth, metal and wax, cotton being the component material of chief value; that they are suitable for millinery ornaments and are used for branching and making mountings and that they are commercially known, imported, bought and sold as parts of artificial flowers. This finding was upon ex parte testimony, the importers, though invited to do so, gave no testimony before the board. In this court a mass of testimony has been taken which establishes the fact that artificial leaves are imported for three distinct lines of trade and are used by confectioners, decorators and milliners. Only in the millinery trade are leaves known as artificial flowers or parts thereof and not uniformly in that trade. By decorators and confectioners they are known only as leaves. Of course these leaves are not, in fact, flowers, or parts of flowers. Not being artificial flowers in fact, the evidence that they were known as such commercially must be "definite, uniform and general." It is not enough that they were so known in a single trade. Berbecker v. Robertson, 152 U. S. 373, 14 Sup. Ct. 590; Maddock v. Magone, 152 U. S. 368, 14 Sup. Ct. 588; Cohn v. Erhardt, 44 Fed. 747; Dodge v. Hedden, 42 Fed. 446. As the testimony here is confined to a single trade and is not entirely definite as to that trade it is obvious that no commercial usage has been established within the rule of the authorities cited. The decision of the board is reversed.