## HOLLINGSWORTH *v.* HOWARD.

113 1099
124 164

1. Admitting irrelevant testimony will not be held cause for a new trial, unless it appears that the same was of sufficient consequence to injuriously affect the party complaining thereof.
2. There may, in an action against joint tort feasors, be a lawful recovery against one only of them.
3. The evidence in the present case warranted the verdict.

Argued June 25, — Decided July 23, 1901.

Action for damages.   Before Judge Candler.   DeKalb superior court.   November 20, 1900.

*R. W. Milner* and *Hugh M. Dorsey*, for plaintiff in error.
*James K. Hines*, contra.

LUMPKIN, P. J.    An action was brought by A. W. Howard against R. H. Hollingsworth and A. J. Almand, to recover damages alleged to have been sustained by the plaintiff on account of false representations made to him by the defendants, to the effect that the Union Loan and Trust Company, of Atlanta, a banking corporation which had a branch at Lithonia, where the parties to this case reside, was a solvent institution.    Almand was president and Hollingsworth vice-president of the branch bank.    The petition alleged that by means of their false representations the plaintiff was induced to deposit in that bank a stated sum of money, which he lost because of the failure of the parent concern.    It was in the petition also alleged that these representations were made "with intent to deceive" the plaintiff and to induce him "to confide in and extend credit to and make deposits in said bank," and that they in fact "did deceive" him.    There was a verdict in favor of the plaintiff against both defendants.    They filed a motion for a new trial, which was granted as to Almand but refused as to Hollingsworth, who thereupon sued out a bill of exceptions and brought the case to this court.    We shall confine our discussion to those grounds of the motion for a new trial which were insisted upon in the argument here.

1. Error is assigned upon admitting the testimony of one L. B. Norton, "to the effect that the defendant Hollingsworth had made certain representations to him (Norton) concerning the solvency of the Union Loan & Trust Co."    Obviously, this statement of the testimony alleged to have been inadmissible is too vague and indefinite to enable this court to say that allowing its introduction was prejudicial to the plaintiff in error.    It does not appear what the representations of Hollingsworth thus sought to be proved were. All we know is, that the court permitted Norton to testify that Hollingsworth said something to him "concerning the solvency" of the bank.    What this was does not appear.    Neither the substance nor the tenor of the representations testified to is stated.    While it would seem that any representation by Hollingsworth to Norton with respect to the condition of the bank, not known to or acted upon by Howard, would have been irrelevant, the mere fact that irrelevant testimony was admitted will not justify this court in ordering a new trial, when the nature of the objectionable testimony is not sufficiently disclosed to enable it to see that letting the same in could have resulted to the prejudice of the party complaining

of its admission. Hollingsworth may have made all sorts of conceivable remarks to Norton about the solvency of the bank, proof of which in the controversy between Hollingsworth and Howard would not have operated against the former of these two. On the contrary, such proof might relate to remarks by Hollingsworth helpful to his defense. It requires both error and injury to obtain here a reversal of a judgment, and both must affirmatively appear.

2. One ground of the motion for a new trial reads as follows: "The verdict is contrary to law in this, to wit: The declaration in this case alleges a joint offense or cause of action on the part of the two defendants, while the evidence fails entirely to show any connection had by one of the defendants, Almand, with any of the representations made to the plaintiff." It was insisted in support of this ground that unless the plaintiff's evidence made out a case against both defendants, there could be no recovery against either. The verdict was in fact against both; but even if it had been rendered against Hollingsworth alone, it would have been good, if sustained by sufficient evidence to show liability on his part. It is well settled in this State that, in an action against joint tort feasors, there may be a recovery against one only of the defendants. See *Western Union Tel. Co.* v. *Griffith*, 111 *Ga.* 558–9, and cases cited. Note especially the decision announced in *Austin* v. *Appling*, 88 *Ga.* 55, 59, and the authorities upon which it was predicated.

3. It is also complained that the verdict was contrary to the evidence, because there was no proof that the plaintiff, in depositing his money, acted on Hollingsworth's representations, and also that there was no proof that those representations were fraudulently made. The plaintiff did testify: "I don't think I would have made this deposit in this bank without Mr. A. J. Almand being connected with it;" but his testimony as a whole was amply sufficient to show that he acted upon and was misled to his hurt by Hollingsworth's assurances that the bank was solvent. In view of the allegations of the petition, it was incumbent on Howard to prove actual fraud on the part of Hollingsworth. We think there was sufficient evidence to show this. The collapse occurred very soon after Howard's deposit was made, and there was proof of circumstances warranting the inference that Hollingsworth knew the parent bank was in an insolvent and failing condition when he represented to Howard that it was financially sound. We do not, of

course, undertake to say that Hollingsworth actually knew the bank was about to go under, but simply that there was evidence enough to warrant the jury in finding that he did know.

*Judgment affirmed    All the Justices concurring.*