## UNION LUMBER CO. *et al. v.* ALLEN & HOLMES.

1. When the plaintiff in an equitable petition for injunction brings his case within the provisions of section 4927 of the Civil Code, it is erroneous to qualify the order granting the injunction by providing therein for the dissolution of the injunction upon the giving by the defendant of a bond for the eventual condemnation-money.
2. It is too late, after an application for an interlocutory injunction has been heard and determined upon its merits, to raise the question that the petition was not duly verified.

Argued November 4,—Decided December 11, 1901.

Petition for injunction. Before Judge Hansell. Colquitt superior court. June 25, 1901.

The petition was for an injunction against the cutting or boxing of timber on certain land. The affidavit to the petition was by an attorney of the plaintiffs, that the statements contained in it were true so far as they lay in his own knowledge, and that so far as they were derived from the information of others he believed them to be true. At the hearing, the deeds referred to in the abstract of title attached to the petition were introduced in evidence, and on their face showed that the plaintiffs had perfect title to the premises. There was evidence of possession under these deeds for more than seven years on the part of the plaintiffs. Some of the witnesses testified that the damage to the plaintiffs from not being allowed to use the timber would be irreparable. There was no allegation or proof that the defendants were insolvent. Among the deeds relied on by the plaintiffs was one that appeared to have been made in 1838 and recorded in 1857. The defendants relied on what purported to be a deed from the same grantor, made in 1837 and recorded in 1856, which was attacked by the plaintiffs as a forgery. The evidence as to its genuineness was conflicting. The evidence as to possession was also conflicting. The judge granted an injunction, but the order granting it was qualified in the manner stated in the following opinion. Plaintiffs excepted.

*Dessau, Harris & Harris, J. H. Merrill, J. A. Wilkes,* and *C. P. Hansell,* for plaintiffs.

*W. S. Humphreys* and *Spencer R. Atkinson,* for defendants.

LUMPKIN, P. J. 1. The law embraced in section 4927 of the Civil Code, as amended by the act of December 20, 1899 (Acts of 1899, p. 40), introduced into our system of equity practice a new feature as to granting injunctions restraining the cutting of timber, or boxing or otherwise working the same for turpentine purposes. Under this law, one who has a perfect title to land upon which timber is situated, or such title to timber upon any land, may obtain an injunction against a trespasser without being required to aver or prove his insolvency, or that the damages he is committing will be irreparable. It is, in the section cited, further provided that the judge, in granting the plaintiff's prayer for injunction, shall require him to give a bond to answer such damages as may be sustained by the defendant "by reason of the granting of said injunction." It would therefore seem clear that when a petitioner, by allegation and proof, brings his case squarely within the provisions of this sec-

tion, the judge must grant the injunction as prayed, and compel the plaintiff to give the bond required by the statute. In the present case the petitioners complied with the terms of the law, and the judge granted an injunction, but, instead of ordering the plaintiffs to give bond, qualified the grant of the injunction by directing that, if the defendants would file in the clerk's office a bond conditioned to pay the eventual condemnation-money which the plaintiffs or any of them might recover against the defendants in the case, "the order for injunction be dissolved, so far as to allow the defendants to gather and use this year's crop of turpentine from said land." The plaintiffs excepted to so much of the decision "as allows defendants to continue to work said timber for turpentine purposes." In our judgment the exception is good. The trial judge did not follow the statutory scheme, but substituted for it another not authorized by law.

2. It was insisted here that the judgment below should be sustained because the plaintiffs' petition was not duly verified. This point is answered by section 4966 of the Civil Code, which provides that: "Petitions for a restraining order, injunction, receiver, or other extraordinary equitable relief should be verified positively by the petitioner, or supported by other satisfactory proofs." See the cases cited thereunder. In any view, it was too late, after a hearing on the merits, to raise any question as to the verification of the petition. See also *Bass* v. *Wolff*, 88 *Ga.* 427.

*Judgment reversed. All the Justices concurring.*