## McGRIFF *v.* McGRIFF.

1. There was evidence to support the verdict; and the court did not abuse its discretion in holding that the verdict was not decidedly and strongly against the weight of the evidence.

2. A chattel mortgage given by a witness for the plaintiff to a third person was properly admitted in evidence in behalf of the defendant, where it appeared, that this witness and another witness for the plaintiff had similar suits pending against the defendant, and where the defendant contended that the plaintiff, this witness, and another witness for the plaintiff had colluded to bring suits against him for specific performance of oral contracts for the alleged sales by the defendant of separate tracts of land to them at or about the time the plaintiff claimed he bought his tract from the defendant, in which suits plaintiff and these other suitors were witnesses for each other in their respective suits, where they claimed they paid cash for their respective tracts at the times of their purchases, this mortgage tending to show the financial inability of this witness to buy and pay cash for his tract, and thus tending to establish the collusion.

3. Mortgages given by the plaintiff to third persons, at or about the time of his alleged purchase, were properly admitted as throwing some light upon his ability to pay cash for the tract of land which he claimed to have bought from the defendant, the latter denying such payment and the ability of the plaintiff to make the same.

4. Proof that witnesses had kindred actions against the defendant was admissible, on cross-examination, to affect their credit.

5. A party may show anything which may, in the slightest degree, affect the credit of an opposing witness.

6. While generally the admission of illegal evidence, which is wholly immaterial, will not be cause for the grant of a new trial, it will be such ground if it appears of sufficient consequence to injuriously affect the complaining party.

7. In an action for specific performance of an oral contract for the purchase of land, the plaintiff being in possession, it was harmful error to permit the defendant to testify that he had procured, subsequently to the alleged purchase, a long-time loan thereon.

No. 3267.   NOVEMBER 23, 1922.

Action for specific performance.   Before Judge R. C. Bell. Grady superior court.   January 9, 1922.

This is an action by Frank McGriff against Dan McGriff for specific performance of a parol contract of sale of land.   Plaintiff alleged, that on Nov. 15, 1913, Dan McGriff sold to him a tract of twenty acres, more or less, of land, which is fully described in the petition, for the sum of $150, which he paid cash on said date; that the seller was to make to him a deed to said tract of land immediately after the redemption of said land from a lien held by a loan company thereon; that he took immediate possession of said land under his contract of purchase, and had erected thereon valuable and permanent improvements, of the value of $1200, on the faith of his purchase; that the incumbrance on said land was removed on May 15, 1916; and that he made a demand on Dan

36

McGriff, on or about May. 30, 1916, for a deed, which the latter refused to make. Dan McGriff, in his answer, denied that he sold said land to the plaintiff; denied further that plaintiff paid him the sum of $150 or any other amount on the purchase-money thereof; and alleged that plaintiff was not in possession of said land under any contract of purchase, but as his tenant; that plaintiff put a small four-room house on said land about ten years ago, at an expense of $150; that plaintiff used said land for a period of five or six years without paying anything therefor; that said improvements so made by plaintiff were not done under any contract of purchase; and that plaintiff was not entitled to any reimbursement therefor. He further alleged that the plaintiff was indebted to him in the sum of $75 for rent of said land for the year 1920, for which he prayed judgment.

The petition of the plaintiff was verified July 15, 1920; but the date of filing does not appear. The plaintiff fully supported the allegations of his petition by the testimony of himself, Nelson McGriff, and George McGriff. On his cross-examination, the court required Nelson McGriff, over objection of counsel for plaintiff, to testify that he bought twenty acres of land from the defendant at the same time plaintiff bought, and paid defendant $150 for it; that he borrowed $25 from L. Hall just before this time; and that he had the full $150 in his pocket that day. The plaintiff objected to each part and all of this evidence, on the ground that it related to a transaction between George McGriff and Dan McGriff, and was irrelevant.

The court overruled the objection and admitted the testimony, and this ruling was assigned as error. The court required George McGriff, on cross-examination, to testify that he made a trade with Dan McGriff, at the same time, for twenty acres of land at the same price; that defendant contracted to make him a deed to his land as soon as he got it out of the loan company; that Nelson McGriff bought twenty acres of land from defendant at the same time, and paid $150 for it; and that he worked out most of his money and borrowed some of it. Plaintiff objected to this testimony, on the ground that it related to transactions between third parties, and was irrelevant. The court overruled this objection and admitted the testimony, and its admission was assigned as error. The court required George McGriff to testify, on cross-

examination, over objection of plaintiff, that he made and executed a certain mortgage to Crawford Miller Company. Plaintiff objected to this evidence, on the ground that it was a transaction between third parties, and was immaterial. The court overruled this objection, and error was assigned.

The defendant testified that he had never sold any land in his life; that the money about which plaintiff and his witnesses had been talking was rent money; that they were living on his land, and the money they gave him was to pay rent; that he paid all the taxes on the land at all times; that he now had the land in a long loan with Mr. Hurst; that he did not make a contract which the plaintiff testified he made; that plaintiff did not pay him $150 in 1913; that plaintiff lived where he now lives; that he was not living on his father-in-law's land when he claims to have bought this land; that he had never got any rent out of plaintiff; that he had never received as much as $150 at one time from any of them; that the improvements made by the plaintiff on this land were worth about $150 or $200; that plaintiff stayed on the land for a long time, and was never able to pay much, so he told him he would have to pay some rent; that in 1918 and 1919 he paid Mr. Weaver $50 for the defendant, which was for rent. He told plaintiff, about November, 1913, that he would make him a bond for title to fifteen acres of land if the former would pay him, he thinks, about $500. He brought a distress warrant for rent in 1920 against all the boys, Frank, George, and Nelson. He did not collect any rent. He agreed, in the office of counsel for plaintiff, to make them a bond for title, and then give them a deed, if they ever got him paid. The plaintiff objected to the testimony of the defendant that he had procured a long loan on the land in dispute, from the Hurst-Long Loan Company in 1919, on the grounds that this was irrelevant, and that the plaintiff could not be bound by such transaction.

The defendant introduced the following documentary evidence: (1) a notice to produce a mortgage executed by plaintiff to L. Hall, dated Nov. 19, 1913, which notice was served on plaintiff's attorney on Aug. 20, 1921. (2) A mortgage given by plaintiff to L. Hall, dated Nov. 10, 1913, for $28.12, due Oct. 15, 1914. (3) A mortgage given by plaintiff to Crawford Miller Company for $42.90, for purchase-money of a wagon, dated Oct. 17, 1913, due

Dec. 1, 1913, and providing that if $10 should be paid at maturity the balance might be extended to Sept. 15, 1914, without additional interest. (4) A mortgage given by George McGriff to Crawford Miller Company for purchase-money of a mare, dated Oct. 11, 1913, due Oct. 13, 1913, and providing that if $25 should be paid at maturity the balance might be extended to Sept. 15, 1914, without additional interest. (5) The original petition filed in the clerk's office on July 30, 1920, by George McGriff against Dan McGriff, for specific performance of a parol contract for the sale of twenty acres of land for $150. (6) The original petition filed in the clerk's office on July 30, 1920, by Nelson McGriff against Dan McGriff, for specific performance of a parol contract for the sale of twenty acres of land for the sum of $150. Counsel for plaintiff objected to the admission of the mortgage from George McGriff to Crawford Miller Company, and to the mortgage from plaintiff to L. Hall, on the ground that the same were irrelevant and shed no light upon any of the issues involved in this case. Plaintiff further objected to the admission of the mortgage from George McGriff to Crawford Miller Company, on the ground that it threw no light upon the instant case, and was prejudicial to his interest, in that it created upon the minds of the jury the impression that movant as well as George McGriff was badly in debt or was worse in debt than the facts would show. The court overruled the objections, and admitted the instruments in evidence. Error was assigned on these rulings. The jury found against the plaintiff. He moved for a new trial upon general grounds, and on grounds complaining of the admission of the evidence hereinbefore referred to. The court overruled the motion, and the plaintiff excepted.

*W. H. Duckworth,* for plaintiff.

HINES, J. (After stating the foregoing facts.)

1. Plaintiff urges that the verdict is contrary to the evidence, and is decidely and strongly against the weight of the evidence. While the plaintiff sustained his case by the greater number of witnesses, this does not necessarily mean that the preponderance of the testimony was in his favor. Civil Code (1910), § 5732. Sometimes, in the minds of jurors, the testimony of one witness is of more weight and credit than of three; nay, than a host of witnesses. The trial judge may exercise a sound discretion

in granting or refusing a new trial in a case where the verdict may be decidedly and strongly against the weight of the evidence. Civil Code (1910), § 6087. But where he exercises this discretion and declines to grant a new trial, this court, being one for the correction of errors, will not reverse his discretion unless it is manifestly abused.

2. The court admitted, over the objection of the defendant, a mortgage from George McGriff to Crawford Miller Company, for the purchase-money of a mare, dated Oct. 11, 1913, due Oct. 13, 1913, with a provision therein that if $25 were paid at its maturity, the balance might be extended to Sept. 15, 1914, without interest. The court likewise admitted in evidence a mortgage given by the plaintiff to Crawford Miller Company, for $42.90 for the purchase-money of a wagon, dated Oct. 17, 1913, due Dec. 1, 1913, with a provision that if $10 should be paid at maturity, the balance might be extended to Sept. 15, 1914; and the court likewise admitted in evidence a mortgage given by plaintiff to L. Hall, dated Nov. 10, 1913, for $28.12, and due Oct. 15, 1914. The plaintiff objected to the admission of these documents, on the grounds, that they were irrelevant and immaterial; that they shed no light upon the issues involved in this case; and that the admission of the mortgage from George McGriff to Crawford Miller Company was prejudicial to plaintiff's case, in that it created in the minds of the jury the impression that the plaintiff, as well as George McGriff, was badly in debt, " or worse in debt than the facts would show."

In the second special ground of the motion it is recited that the plaintiff, on his cross-examination, testified to certain transactions between George McGriff and the defendant, and to transactions between Nelson McGriff and defendant; but what these transactions were is not set out in this ground. It is further stated in this ground, that the court allowed Nelson McGriff on his cross-examination to testify to certain transactions between him and defendant, in which plaintiff had absolutely no interest, and to similar transactions between George McGriff and the defendant. What these transactions were is not set out, unless they refer to what will now be stated. It is also recited in this ground that " the court allowed " George McGriff, a witness for the plaintiff, on his cross-examination to testify to a certain contract between

him and the defendant, whereby the former purchased from the latter a certain tract of land, in which plaintiff had no interest, directly or remotely; and that each of the above-mentioned transactions was a certain contract for the purchase of land between George McGriff and defendant in one instance, and between Nelson McGriff and defendant in the other, in which plaintiff had no interest whatsoever. In this ground it is further alleged that " the court allowed " George McGriff, a witness for the plaintiff, to testify, on his cross-examination, that he made and executed a certain mortgage to Crawford Miller Company. The plaintiff objected to each piece of the above evidence, on the ground that the same was irrelevant, immaterial, and shed no light upon any issue involved in this case. The court overruled his objection and admitted the evidence. Error is assigned on this ruling. The defendant moved to rule out all of the above testimony, on the above grounds, and on the further ground that it was prejudicial to his case, as he had no interest in such transactions and could not be bound by them. The court overruled this motion, and error is assigned on this ruling.

Evidence must relate to the questions being tried by the jury, and bear upon them directly or indirectly. Irrelevant matters should be excluded. Civil Code (1910), § 5744. Generally *acta inter alios* are inadmissible. § 5745. One of the contentions of the defendant was, that the plaintiff, for some years before his alleged purchase or any payment for the land in controversy, had been his tenant and had failed to pay his rent; that he did not have, and did not pay him at any time, $150 in a lump sum for the purchase of these premises, or for any other purpose; and that he did not make on this land valuable and permanent improvements at an expenditure of $1200. The fact that the plaintiff, about the time he claims to have bought and paid for this land, was giving mortgages to secure small credits, was admissible on the question whether he did in a lump sum pay the defendant in full for these premises. The testimony of plaintiff's two witnesses, that they had kindred actions pending against the defendant, was admissible on cross-examination, to show their interest as witnesses in the result of the plaintiff's action. People *v.* Peltz, 143 Ill. App. 181; Dodge *v.* Hedden, 42 Fed. 446; Henrietta Coal Co. *v.* Martin, 221 Ill. 460 (77 N. E. 902) ; Hanson *v.* Red Rock, 7 S.

Dak. 38 (63 N. W. 156). A party may show anything which may, in the slightest degree, affect the credit of an opposing witness. 8 Enc. Pl. & Pr. 120; *Wall* v. *State,* 153 *Ga.* 309 (112 S. E. 142, 146) ; Cameron *v.* Montgomery, 13 S. & R. (Pa.) 128; Ott *v.* Houghton, 30 Pa. 451. The admission of proof that George McGriff, who had a similar case pending against the defendant, had given a chattel mortgage to a third person, at or about the times they claim to have orally purchased from the defendant separate tracts of land, approached the boundary line of error; but on the theory of the defendant, that this witness and the plaintiff were acting in collusion in the assertion and proof of their respective actions, both claiming to have paid cash for their several tracts, but the defendant denying such payments by them and their ability to pay, this proof tended to throw some light on this contention of the defendant, and to show the close family resemblance between the two suits. It was a sidelight which shed some illumination, though dim, on this contention of the defendant; and thus bore some relevancy to the main transaction. For this reason, it is not cause for the grant of a new trial.

3. The court permitted the defendant, over objection of plaintiff, to testify that he had procured, in 1919, a long-term loan on the land in dispute from the Hurst-Long Loan Company. The plaintiff objected to the introduction of this evidence, on the grounds, that the same was irrelevant and immaterial, that he was not bound by this transaction between the defendant and the loan company, and that this testimony was calculated and tended to prejudice his case in the eyes of the jury, inasmuch as they might think that a verdict in his favor would injure and cause loss to the person who had made said loan. We think the admission of this evidence was illegal. If it were wholly irrelevant and immaterial, its admission would not be a ground for the grant of a new trial. *Lindsey* v. *Lindsey,* 14 *Ga.* 657; *Williams* v. *Hamilton,* 30 *Ga.* 968; *Thompson* v. *Thompson,* 77 *Ga.* 692 (3 S. E. 261); *Raleigh etc. R. Co.* v. *Bradshaw,* 113 *Ga.* 862, 868 (39 S. E. 555). While, generally, the admission of illegal testimony which is wholly immaterial will not furnish a ground for a new trial, it will do so, if it appears of sufficient consequence to injuriously affect the party making the complaint. *Marshall* v. *Morris,* 16 *Ga.* 368; *Mayor etc. of Gainesville* v. *Caldwell,* 81 *Ga.* 76 (7 S. E.

99) ; *Hollingsworth* v. *Howard,* 113 *Ga.* 1099 (39 S. E. 465). But it was a self-serving act of the defendant in favor of his own right and title. It might, and probably did, move the jury to find against the plaintiff: Where illegal testimony has been admitted, which not only might, but probably did, influence the mind of the jury, a new trial ought to be granted. *Settle* v. *Alison,* 8 *Ga.* 201 (52 Am. D. 393). *Judgment reversed. All the Justices concur.*