JACOBS *v.* RITTENBAUM *et al.; et vice versa.*

BELL, Justice. 1. "No petition need be verified unless it seeks extraordinary equitable relief or remedy." Code, § 81-109. "Petitions for a restraining order, injunction, receiver, or other extraordinary relief shall be verified positively by the petitioner or supported by other satisfactory proofs." § 81-110. These provisions as to verification and "proofs" relate to preliminaries, such as sanction, filing, and interlocutory hearing, and do not require that an amendment offered on final trial shall be verified. See Code, §§ 81-111, 81-112; *Lee* v. *Clark,* 49 *Ga.* 82; *Alspaugh* v. *Adams,* 80 *Ga.* 345 (5) (5 S. E. 496); *Boykin* v. *Epstein,* 87 *Ga.* 25 (13 S. E. 15); *Martin* v. *Burgwyn,* 88 *Ga.* 78 (13 S. E. 958); *Bass* v. *Wolff,* 88 *Ga.* 427 (14 S. E. 589); *Dunham* v. *Curtis,* 92 *Ga.* 514 (17 S. E. 910); *Union Lumber Co.* v. *Allen,* 114 *Ga.* 346 (2) (40 S. E. 231); *Bracewell* v. *Cook,* 192 *Ga.* 678 (2) (16 S. E. 2d, 432). Any statement to the contrary in *Green* v. *Green,* 176 *Ga.* 421 (168 S. E. 266), is obiter and will not be followed.

2. An objection to an amendment on the ground that it was "too vague, indefinite, and uncertain as to any alleged tender, and that it came too late," did not raise any question as to the propriety of such amendment in matter of substance, being itself "too vague, indefinite, and uncertain." *Askew* v. *Thompson,* 129 *Ga.* 325 (3) (58 S. E. 854); *Darien Bank* v. *Clifton,* 156 *Ga.* 65 (2) (118 S. E. 641).

(*a*) If on the question of time the objection was sufficiently definite, it was still without merit, since a petition, if containing enough to amend by, my be amended "at any stage of the cause." Code, § 81-1301.

(*b*) Even if the objection last mentioned might be construed as insisting that the *tender* came too late, there was no error in overruling it, in view of the allegations and prayers in reference to accounting, in the petition and the amendment. *Zugar* v. *Scarbrough,* 186 *Ga.* 310 (197 S. E. 854); *Franklin* v. *Cruce,* 187 *Ga.* 58 (2) (200 S. E. 135);

*Marietta Realty & Development Co.* v. *Reynolds*, 189 *Ga.* 147 (2) (5 S. E. 2d, 347).

(c) Under the foregoing rulings, there was no merit in any of the objections to the amendment.

3. The petition as finally amended stated a cause of action against both defendants, for cancellation of deeds, because of alleged fraudulent breach of trust by the plaintiff's immediate grantee, with notice to the other defendant, and conspiracy as between them. Accordingly, after allowance of the final amendment, the petition was not subject to general demurrer.

4. The petition was not subject to special demurrer for misjoinder of parties defendant. While some of the other grounds of special demurrer might have been well taken under strict rules of pleading, yet from developments on the trial it appeared that the errors, if any, in overruling them were harmless. *Harris* v. *Newman*, 183 *Ga.* 398 (3) (188 S. E. 689); *Bell* v. *Tucker*, 37 *Ga. App.* 254 (3) (139 S. E. 573).

5. The petition being in part an action to cancel deeds to land, because of alleged breach of trust, fraud, and conspiracy, the four-year statute of limitation was inapplicable; and the court did not err in striking the plea invoking such statute. *Hadaway* v. *Hadaway*, 192 *Ga.* 265 (14 S. E. 2d, 874).

6. The verdict for the plaintiff against both defendants (for cancellation only) was not demanded as to that defendant (Goldberg) to whom alone the judge granted a new trial, and therefore as to that defendant the judge was authorized to grant a first new trial, even if in doing so he should also have granted a new trial to the other defendant (Rittenbaum). Code, § 6-1608.

(a) Whether the grant was in fact erroneous as not including both defendants need not be decided, since the failure to include the other defendant (Rittenbaum) was harmless to the plaintiff, who is the only party complaining of such grant. See, in this connection, Code, § 105-2011; *First National Bank of Chattanooga* v. *American 'Sugar Refining Co.* 120 *Ga.* 717 (48 S. E. 326); *Austin* v. *Appling*, 88 *Ga.* 54 (5) (13 S. E. 955); *Chattahoochee Brick Co.* v. *Braswell*, 92 *Ga.* 631 (18 S. E. 1015); *Hollingsworth* v. *Howard*, 113 *Ga.* 1099 (2) (39 S. E. 465); *Mashburn* v. *Dannenberg Co.*, 117 *Ga.* 567 (13) (44 S. E. 97); *National Bank of Savannah* v. *Evans*, 149 *Ga.* 67 (99 S. E. 123).

(b) The decisions in *Simpson* v. *Perry*, 9 *Ga.* 508, *McCalla* v. *Shaw*, 72 *Ga.* 458, *Hunter* v. *Wakefield*, 97 *Ga.* 543 (25 S. E. 347, 54 Am. St. R. 438), and *Gilstrap* v. *Leith*, 24 *Ga. App.* 720 (102 S. E. 169), cited for the plaintiff, related to verdicts against two or more defendants in actions for injuries to person or reputation, and not to verdicts involving property rights, and are inapplicable. *Gazaway* v. *Nicholson*, 190 *Ga.* 345 (2), 347 (9 S. E. 2d, 154).

(c) While it may be true that, so far as the present suit is concerned, the relief of cancellation would be of no practical benefit to the plaintiff if it should be left to stand only as against his immediate grantee (Rittenbaum), as to whom a new trial was *refused*, yet he is in no worse position by the grant of a new trial to the other defendant (Goldberg) than if it had been granted as to both. "In order to ob-

tain in this court a reversal of a judgment of which complaint is made, the burden is upon the plaintiff in error to show not only error but injury." *First National Bank of Chattanooga* v. *American Sugar Refining Co.*, supra.

7. Notes 1 to 5, inclusive, deal with the cross-bill of exceptions; note 6 with the main bill. Neither bill of exceptions shows reversible error.

*Judgment affirmed on both bills. All the Justices concur.*

Nos. 14014, 14015. APRIL 15, 1942. REHEARING DENIED MAY 21, 1942.

*O. C. Hancock, John H. Hudson,* and *M. Herzberg,* for plaintiff. *Fine & Hendrix, Julian Joselove,* and *Noah J. Stone,* for defendants.