Boon vs. Boon.

RATLIFF Boon, plaintiff in error, vs. SION D. Boon, defendant in error.

[1.] New trial will not be granted on the ground that the verdict is contrary to the evidence, in a case where there is a conflict between a promissory note on the one side, and on the other a single witness who has a manifest bias in favor of the defendant.

[2.] New Trial Act construed—new trial will not be granted by Supreme Court for any error except such as might have *hurt* the party moving the new trial.

Complaint, in Stewart Superior Court. Tried before Judge KIDDOO, at April Term, 1859.

This was an action by Sion D. Boon, plaintiff in the Court below, against Ratliff Boon, on a promissory note of which the following is a copy:

"$250 00.　　　　　　　BASTROP, January 10th, 1853.

On the first day of April next, I promise to pay Sion D. Boon or bearer, two hundred and fifty dollars, for value received, with 8 per cent. interest from maturity until paid.

[Signed]　　　　　　　RATLIFF BOON."

The facts of this case appeared, from the evidence, to be about these:

One Andrew L. Mott, Ratliff Boon's son-in-law, died in the State of Arkansas, and had in his possession a negro girl. Soon after his death, Sion D. Boon, who resided in Louisiana, went up to Arkansas and took possession of the girl, and carried her to his house; Ratliff Boon claimed the negro as his property, and plaintiff allowed him to take her, and this note was given by Ratliff to Sion D., either to indemnify him against any liability which he had incurred to, and which might be fixed upon him by the creditors of Mott, *for* intermeddling and taking possession and control of said negro, or as a compensation for the trouble, expense and risk which he might incur and run in the premises.

The jury, upon this proof, and under the charge of the Court, found for the plaintiff two hundred and fifty dollars, being the principal only of the note. Whereupon, counsel for defendant moved for a new trial, on the following grounds:

1st. That the Court erred in charging the jury, that if they believed from the evidence, that the defendant gave the note to plaintiff, in consideration that plaintiff should take the note and run all the risks, he might have incurred, to pay the debts of Andrew L. Mott, deceased, then they should find for the plaintiff the full amount of the principal of the note.

2d. That the Court erred in charging, that if the money was left to pay attachments, and plaintiff expended it in litigation, upon his own responsibility, it was improperly applied, and he ought to account for it; but if he litigated by direction of defendant, or applied the money to the payment of the attachments, then plaintiff is not liable for it.

3d. That the verdict was contrary to the charge of the Court, in this, that the Court charged the jury, that if they believed that it was the understanding and agreement of the parties, that plaintiff was to take the note sued on to indemnify him against the loss, trouble and expense he might be subjected to, by reason of his having intermeddled with Mott's estate, and was bound to notify defendant of such loss, trouble and expense, then plaintiff must show that he gave notice, and prove what had been his trouble, expense and loss, before he can recover.

4th. Because the verdict was contrary to law and the evidence.

The Court refused the motion for a new trial, and defendant excepted.

B. S. WORRILL, represented by B. HILL, for plaintiff in error.

E. H. BEALL, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

[1.] A new trial was asked in this case on the ground that the verdict was not supported by the evidence.   We think it was.    The *note* was a  part of the evidence,  and the verdict was  in  exact  conformity with  that.    The  only  evidence against the note was, that of Mrs. Mott, a  daughter of Ratliff Boon, with a  pretty manifest bias  in  his  favor.   The *note* said that Ratliff Boon promised Sion to pay  him two hundred and fifty dollars.    *She* said he didn't  promise to pay that sum, but only so much  as Sion might lose by a risk he had taken for Ratliff's benefit.   To decide the conflict was the peculiar province of the jury, and  we will  not  disturb their decision.    Another ground—that the verdict was contrary to the charge of the Court—resolves itself into this same one of being contrary to the evidence.

[2.] Another ground is, that the Court erred in  the charge to the jury.   We do not think there was  any  error which could  have hurt the man who is complaining of it.   But it was said, that under the New Trial Act of 1853–4, we  must send the case back if there was any error in the charge, whether the error could have hurt the party complaining of it or not.   We do not so understand that Act.   On the contrary, it seems to be carefully worded  in every branch of it, so as to require new trials only for such errors as are " against" the party moving the new trial.   To  be errors against him, they must be material errors—such as might have *hurt* him. We think the Judge was right in refusing the new trial.

                                    Judgment  affirmed.