MASON J. HUGULEY, plaintiff in error, vs. ELIZA HOLSTEIN, defendant in error.

[1.] This Court is less disposed to control the decision of the Court below where a new trial has been granted, than where it has been refused.

[2.] On a rule to foreclose a mortgage, the mortgagee, when introduced as a witness by the mortgagor, must answer as to his *belief*—especially when his memory is not good, and he can not be positive as to the facts of the case.

Motion for New Trial. In Monroe Superior Court. Decided by Judge Speer. At Chambers, September, 1866.

The cause tried below was an issue upon a rule to foreclose a mortgage on land, between the plaintiff in error, as mortgagee, and the defendant in error, as mortgagor.

. The mortgagor introduced the mortgagee as a witness, who testified that he could not be positive as to the facts of the case, as his memory was not good; that, to the best of his recollection, the amount of Confederate Treasury notes loaned by him to the mortgagor, when the note and mortgage were given, was $5.000, and that the balance of the debt was for liabilities incurred before the war—some of them for money loaned; that he did not state this as the exact amount, but to the best of his memory; that it might have been $6.000—he did not think it was $7.000, and was certain that it was not $10.000. Counsel for mortgagor asked him if he did not *believe* it was $6.000; and on exception to this question, the Court ruled it illegal. This ruling was made one of the grounds of a motion by the mortgagor for a new trial, after a verdict was rendered against him.

The Court granted a new trial, and this is now complained of by the mortgagee.

Cabiness & Peeples, for plaintiff in error.

Trippe, for defendant.

Walker, J.

[1.] Did the Court err in granting a new trial? This Court is less disposed to control the discretion of the Court below where a new trial has been granted, than where it has been refused. In the latter case, the decision is final; in the former, the parties have an opportunity to be heard in the assertion of their rights.

[2.] It is a rule of equity pleadings that a defendant, when

called on to discover what facts he may know in favor of complainant, must answer " according to the best and utmost of his knowledge, recollection, information and *belief*." 2 *Dan. Ch. Pr.* 246 and 256; *Pitts vs. Hooper*, 16 *Ga. R.*, 445. The reason is, that if a party believes a fact against his interest, the Court and jury may believe it, too. We think the same reason applies in a case where a party is introduced as a witness by his adversary—especially in a case where his memory is so indistinct as in this case.

Besides, our common law proceeding to foreclose a mortgage is a substitute for a proceeding in Equity. Why should not the rules of proceeding in Equity apply? We think the Court, in granting a new trial, committed no such error as to make it our duty to reverse his decision, and we therefore affirm the judgment.