## MATHEWS *vs.* BOSWORTH & JOSSEY.

1. Where a chattel mortgage was foreclosed and levied on two mules and certain corn, fodder and cotton, and on the trial the mules were found not subject and the other property was found subject, if there was any error in the charge relating to the mules, it did not injure the claimant.
2. Where a witness had been attached for non-attendance, and he appeared in court after the case had been closed and two speeches had been made, there was no error in permitting him to be introduced, the court offering, at the same time, to allow the case to be postponed until the claimant could send for any witnesses he desired, which was declined or not complied with.
3. The verdict finding a portion of the property levied on subject was sustained by the evidence, and if there was error in finding any of it not subject, it was not error of which the claimant could complain

November 3, 1885.

Practice in Supreme Court. Claims. Practice in Superior Court. Before Judge FORT. Sumter Superior Court. April Adjourned Term, 1885.

Reported in the decision.

HAWKINS & HAWKINS, for plaintiff in error.

J. A. ANSLEY; L. J. BLALOCK; B. B. HINTON, for defendants.

BLANDFORD, Justice.

This was a claim case. A certain mortgage had been foreclosed and levied on two mules and certain corn, fodder and cotton. The jury, on the claim case, found the mules levied on not subject, but that the corn, fodder and cotton were subject. The claimant moved for a new trial on certain grounds as to the charge of the court and as to the ruling of the court in allowing one Harley to testify in the case after it had been closed and two speeches had been made. The court states that the witness had been attached for non-attendance, and that he stated that he would allow the case postponed until claimant could send for any witnesses which he desired, which was declined or not complied with. The court overruled the motion for new trial, and this is the complaint here.

1. The charge of the court excepted to relates to the mules found not subject, and consequently if any error, which we do not see, was committed, it did not hurt the claimant.

2. Was Harley properly admitted as a witness? We think that he was, under the circumstances of this case. It was a matter in the discretion of the court. The facts show that he suffered no injury thereby, and his testimony being material was properly admitted. The claimant had full opportunity offered to rebut the testimony of this witness.

3. The verdict finding the property levied on subject was fully sustained by the evidence, the only doubt being as to the mules, which were found not subject, the evidence being stronger that they were subject than the farm products, but this is a matter of which the plaintiff in error cannot complain. The charge of the court complained of is right, although it did not hurt the plaintiff. The only

ground which might have been complained of is, that the verdict is wrong as to defendants in error, which we cannot review.

Judgment affirmed.