## McCOMMONS *v.* ENGLISH & COMPANY.

| 100 | 653. |
|---|---|
| 104 | 496 |
| 100 | 653 |
| 107 | 284 |
| 100 | 653 |
| 124 | 16 |

1. The act of Dec. 18th, 1893, relating to practice in the Supreme Court, is not unconstitutional, as referring to more than one subject-matter, nor as containing matter different from what is expressed in its title. The scheme of the act is to prevent the dismissal of cases in the Supreme Court on technical grounds, and all its provisions have a direct bearing on this general subject-matter.
2. In view of this act, the certificate to the bill of exceptions in the present case was sufficient; and therefore the motion to dismiss the writ of error was not well taken.
3. This being a claim case, arising upon the levy of a mortgage fi. fa., in which the burden of proof was upon the plaintiff in execution, and he having failed to show either title or possession in the defendant in execution at the date of the mortgage, a verdict finding the property subject was unsupported by the evidence, and therefore contrary to law.
4. The judge erred in refusing to sanction the petition for the writ of certiorari.

Submitted February 25,—Decided March 22, 1897.

Petition for certiorari. Before Judge Felton. Bibb county. April 24, 1896.

*Hardeman & Moore*, for plaintiff in error.
*Marion Harris*, contra.

Fish, Justice.

A mortgage fi. fa. in favor of I. B. English & Co. *v.* B. M. McCommons was levied upon a mule and wagon, which were claimed by Mrs. Nora McCommons. The magistrate trying the case found the property subject. Claimant appealed to a jury in the magistrate's court, and there was a verdict finding the property subject. Claimant then presented to the judge of the superior court her petition for certiorari, which he refused to sanction, and she excepted. The petition for certiorari and the judge's order refusing to order the writ to be issued are set out in full in the bill of exceptions, and error is assigned upon such order. The certificate to the bill of exceptions is as follows: "I do certify that the foregoing bill of exceptions is true, and contains all the evidence and all the record material to a clear understanding of the errors complained of; and the clerk of the superior court of Bibb county is hereby ordered to certify the same to be the true original bill of exceptions and cause the same to be transmitted to the October term, 1896, of the Supreme Court, that the errors alleged to have been committed may be considered and corrected; retaining a copy of the same in his office as provided by statute." When the case was called in this court, a motion was made to dismiss the writ of error, because the certificate to the bill of exceptions did not comply with the act of 1889, contained in section 5532 of the Civil Code. In reply to the point made that the act of Dec. 18th, 1893, applies and prevents a dismissal of the case, it is contended that such act is unconstitutional, because, (1) it refers to more than one subject-matter, and (2) it contains matter different from what is expressed in the title thereof.

1. In our opinion, said act is not unconstitutional for either of the reasons above mentioned. The subject-matter

of the act is the prevention of the dismissal of cases in the Supreme Court upon technical grounds, and all its provisions, viz: that it shall be the duty of the judge to whom the bill of exceptions is presented to see that the certificate thereto is in proper form before signing it, and that his failure so to do shall not be cause for dismissal of the writ of error; that all rights of supplying defects in the records of cases before the Supreme Court given by existing laws shall be preserved; and that the bill of exceptions and certificate thereto may be amended at any time before final argument thereon in the Supreme Court, are pertinent and appropriate to the scheme of the statute. They are parts of the "substantial unity of the statutable object." To require every end and means necessary or convenient to effectuate the general purpose of the act to be provided for by a separate statute relating to that alone, would not only be unreasonable but would actually render legislation impossible. Cooley's Const. Lim. 172. Nor is the title of the act too restrictive to cover all of its provisions. On the contrary, it is really a synopsis of the act, whereas it is only necessary that the act should contain no matter different from what is expressed in the title thereof. The meaning of the constitutional requirement is that the title and the act must correspond, not literally but substantially; and this correspondence is to be determined in view of the subject-matter to which the legislation relates. *Macon Railroad Co.* v. *Gibson*, 85 *Ga.* 20.

2. In view of the act of 1893, the certificate to the bill of exceptions in the present case was sufficient; and therefore the motion to dismiss the writ of error was not well taken.

3. The evidence showed that the mortgagor was in possession of the property claimed at the time of the levy, but there was no evidence whatever that the mortgagor either owned it, or was in possession of it when the mortgage was executed. This court has frequently decided that "to make

a prima facie case against the claimant in favor of the plaintiff in mortgage fi. fa., it is not sufficient to prove possession of the mortgaged property by the mortgagor at the time of the levy, but either possession or title in the mortgagor at the date of the mortgage must be shown." *Morris* v. *Winkles*, 88 *Ga.* 717, and cases there cited. It follows that the verdict finding the property subject was unsupported by the evidence, and therefore contrary to law.

4. As the petition alleged that the verdict was contrary to the law and the evidence, the judge below erred in refusing to order the writ of certiorari to be issued.

*Judgment reversed. All the Justices concurring.*