## 153.  TELFAIR COUNTY *v.* CLEMENTS.

1. Where the court charged the jury correctly on the issues made by the pleadings and the evidence, a new trial will not be granted because of an instruction containing an abstract principle of law not applicable to the case, but which could not have misled or confused the jury.

2. Where a horse has been temporarily disabled for service, and also permanently injured, the measure of the owner's damage includes reasonable hire for the time during which the disability continued, the diminution in the market value of the horse, occasioned by the permanent effects of the injuries (the aggregate of these amounts being limited to the value of the horse with interest), and also expenses incurred in keeping and treating the horse during the period of disability. And where such measure of damages was correctly stated by the court to the jury, a new trial will not be granted because the verdict separated the amount of damage under the three heads of items named, the aggregate amount being amply supported by the evidence. Such verdict, construed with reference to the pleadings and evidence, was sufficiently clear, certain, and definite.

Action for damages, from city court of McRae—Judge McRae. February 6, 1906.

Submitted February 26,—Decided March 11, 1907.

*Graham & Graham,* for plaintiff in error.

*George H. Harris,* contra.

HILL, C. J.    M. N. Clements brought suit for damages against the County of Telfair, in the city court of McRae. The petition alleged, that the damages resulted from injuries received by the petitioner's horse, by reason of defects in a certain bridge; that petitioner was driving his horse and buggy across said bridge, when his horse stepped in a hole in the floor, and, being badly frightened, made frantic attempts to withdraw his leg from the hole, and, in doing so, his leg was badly bruised and sprained between the ankle and the knee. The petition set forth in detail the extent of the injuries received by the horse, and alleged, that by reason thereof, the horse had been permanently damaged and injured fully $100; and also, that by reason of said injuries the horse was unable to work, for six weeks; and that the treatment and hire of the horse during the period of disability were worth $25, and petitioner was further damaged in that sum. It was alleged, that the flooring of the bridge was in a neglected and dilapidated condition, many of the planks thereon rotten, the floor being full of holes from one end to the other; and that the bridge had been in a decayed and unsafe condition for several years before said injuries occurred to the horse; that this condition was well known to the defendant, and that the county authorities had had actual notice of its unsafe and dangerous condition. Petitioner alleged that he was without fault in driving the horse across the bridge, and could not, by the exercise

of ordinary care and diligence, have avoided the injury to the horse, caused by the negligence of the defendant and its agents. The defendant, by its answer, denied all the allegations of the petition, as to the manner and extent of injury to the horse and as to the condition of the bridge; and it further answered, that the petitioner could have avoided and prevented the injuries, by the exercise of ordinary care; and that if plaintiff sustained any damages in the premises, it was due to his own negligence. Upon the trial the jury returned a verdict for the plaintiff, for $120. The defendant moved for a new trial. The motion was overruled, and the defendant excepted. Besides the general grounds in the original motion, the amended motion contained sixteen grounds of error, being principally exceptions to certain portions of the judge's charge to the jury.

1. We have carefully examined the exceptions made to the excerpts from the charge of the court, and we think that none of them are meritorious. It would subserve no profitable purpose to rule upon the exceptions seriatim, as none of them contain any novel questions of law. The charge, considered as a whole, clearly and fully stated to the jury all the issues in the case made by the pleadings and the evidence; and while it may be true that several abstract principles given were not applicable to the case, there was no possible harm resulting therefrom to the defendant. Under the evidence, there were only three questions to be passed upon by the jury: (1) whether the horse had been injured upon the county bridge, and the extent of the injuries; (2) whether the injuries were caused by any of the defects in the bridge, set forth in the petition, of which the county authorities had sufficient notice, and which they had negligently failed to repair; (3) whether the plaintiff, by the exercise of ordinary care, could have avoided the injuries to his horse. All three of these issues were fairly submitted to the jury, and the law applicable thereto correctly stated by the court. As to the first two questions above mentioned, there was no controversy in the facts. It was clearly shown that the horse was injured, and the damages claimed therefor were fully proved; and it was also unquestionably shown that the condition of the bridge was unsafe, and had been so for a long time. On the third question above stated the case was not so clear. There was some evidence, gathered from the testimony submitted in behalf of the

plaintiff, that he knew of the unsafe condition of the bridge, and was negligent in attempting to cross it. This issue, however, was decided by the jury in favor of the plaintiff; and there is sufficient evidence in the record to uphold the finding.

. 2. The verdict was in the following form: "We, the jury, find for plaintiff, $75.00 damage, $25.00 feed and keeping, $20.00 for 2½ years hire, $120.00. Nov. 29th, 1905, D. W. Browning, foreman." This verdict was objected to by the defendant on several grounds: (1) because the jury undertook to divide the same into different items, and the verdict was therefore unintelligible; (2) because it was the duty of the jury, not to itemize the verdict, but to find a lump sum in damages; (3) said verdict was uncertain and unintelligible, because you can not tell what the jury intended the item "$75.00 damage" to cover. The same objection is made to the item of "$25.00 feed and keeping," and the item "$20.00 for 2½ years hire." While the form of the verdict is irregular, we think it plain enough, when considered in connection with the pleadings and the evidence. It appears to be a reasonably accurate statement of the measure of damages, under the three items, as laid down by the Supreme Court in the case of *Telfair County,* v. *Webb,* 119 *Ga.* 916. The court should have caused the verdict to be put in proper form, but since the verdict is not unintelligible, and since a judgment in proper form has been entered upon it, a new trial will not be ordered. In a case like this, the Supreme Court gives as the measure of damages which an owner of an injured horse is entitled to recover: (*a*) reasonable hire for the time during which the disability continued; (*b*) diminution in market value, occasioned by the permanent effects of the injuries (the aggregate of these amounts being limited to the value of the horse and the interest thereon); and (*c*) expenses incurred in keeping and treating the horse during the period of disability. The court instructed the jury that this was the measure of damages in this case, and the jury literally followed the instruction, but made an informal separation of the damages which plaintiff was entitled to recover, in separate items, the aggregate of the items falling within the measure given and proved. Besides, "verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Civil Code, §5332. Construed by the spirit of this section, we

think this verdict is not justly subject to any of the objections urged against its validity. But we are unable to discover in what way the plaintiff in error was hurt by the form of this verdict, as, under the facts and the law applicable thereto, the plaintiff was entitled to recover, and the damages are within the limits of the proof.                    *Judgment affirmed.*