### 347. CLARK & WILCOX *v.* EMPIRE MERCANTILE CO.

1. New trials are not granted for harmless errors. When the jury find a verdict which is necessarily correct in spite of erroneous instructions,. errors in the charge are harmless. Where, upon review of the evidence, it is manifest that the finding of the jury was as favorable to the party complaining thereof as if no error had been committed, defects in the charge are immaterial; and it would be useless to order a second trial when the judgment rendered in the former trial is as favorable to him as it could have been had there been no error.

2. While it is the duty of the court to construe written contracts for the jury, in the absence of ambiguity, yet in this case the court very properly left to the jury to determine the meaning of the words "invoice cost," contained in the contract; for the reason that the stock of goods in question had been twice sold by invoice, and it was an issue of fact between the parties as to which invoice was to determine the cost or value of the articles sold. See *Moss Mfg. Co.* v. *Carolina Cement Co.,* 1. *Ga. App.* 232, 57 S. E. 914.

Certiorari from Irwin superior court—Judge Martin. September 15, 1906.

Submitted May 13,—Decided July 4, 1907.

*Haygood & Cutts,* for plaintiffs in error.

*E. W. Ryman,* contra.

RUSSELL, J. The Empire Mercantile Company had two stocks of merchandise, at Wray. One stock of goods at Wray had been bought as a whole from the Dooly Lumber Company and was what might be called an old stock. Clark & Wilcox entered into a negotiation to buy both stocks of goods, and the trade was closed by the following writing or contract: "Received of Messrs. B. E. Wilcox and John Clark, five and oo/100 dollars, as part payment on stock of merchandise now owned by us at Wray, Ga., it being understood and agreed by both parties should the Dooly Lumber Co. fail to agree to transfer agreement between them and the Empire Mercantile Co.; then said sale to be null and void, otherwise to be in full effect to take place and be transferred on the first day of March, 1903, at invoice plus the freight and should any article in stock appear to be damaged, when both parties fail to

agree on price, said article to be taken out of inventory, provided, however, such articles are meant as are actually damaged or shop-worn. Terms of sale two thousand dollars cash, balance to be divided into six equal payments of 30, 60, 90, 120, 150, 180 days each."

In conformity with this contract Clark & Wilcox executed the six notes, payable as therein provided, and five of them were paid at maturity. The sixth note was not paid. Suit was brought on it and is the subject of this litigation. It seems that the stock which was bought from the Dooly Lumber Company was the cause of the trouble. Some time after the sale Clark & Wilcox found out that Dooly Lumber Company had given the Empire Mercantile Company a discount of twenty-five per cent. when they bought this old stock. The dispute, therefore, arose as to whether the words "invoice price" referred to the original invoice cost, which appeared to have been marked on the goods, or to the price paid by the Empire Mercantile Company for the stock of the Dooly Lumber Company on which there was twenty-five per cent. concession. It was undisputed that at the time of the negotiation for the sale and when the sale was closed, some of the members of the Mercantile Company did not know that there had been a twenty-five per cent. discount allowed in their purchase. Under these circumstances we agree with the judge of the superior court that the judge of the city court very properly allowed the jury to determine what was meant by the words "invoice cost," in the contract between the parties in this case. Nearly all of the numerous exceptions assign error on the failure of the judge of the city court to construe the contract as matter of law. We think the learned counsel misconceived the holding of the trial court. There is nothing in the charge, nor is there any ruling of the court, which indicates a purpose on the part of the trial judge to shirk his duty in this regard; but where a contract is ambiguous the jury must find the facts, and in this instance it was nothing but an issue of fact that was to be determined, to wit, whether invoice cost (the meaning of which is, the cost as appears from the invoice or bill furnished contemporaneously with a purchase of goods) in this case was to be derived from one invoice or another and different invoice; in other words, whether the price was to be fixed by the invoice at which the Dooly Lumber Company stock was bought by them, or

whether the indebtedness of Clark & Wilcox to the Empire Mercantile Company for the stock purchased by them from the Dooly Lumber Company was to be diminished by a twenty-five per cent. discount, which, so far as the evidence discloses, did not appear upon any invoice. And in this view of the case the ruling of the court, in our opinion, was more favorable than the plaintiffs in error had any right to expect.

But conceding all that the plaintiffs in error claim (which is that they were entitled to a discount of twenty-five per cent. on the stock of goods known as the Dooly Lumber Company stock), no error harmful to the plaintiffs in error appears in the judgment overruling the certiorari. Their contention was that, allowing the twenty-five per cent., the note would be canceled by the credit to which they would thus be entitled. But the evidence shows that, taking into consideration about $500 worth of the Dooly Lumber Company's stock returned by Clark & Wilcox as shop-worn, there was only about four hundred dollars worth of this stock included in the purchase. While there was conflict as to this, and testimony placing the amount higher than $500, still the jury were authorized to find, as the value of the Dooly Lumber Company stock, $500 less. Twenty-five per cent. of this valuation being deducted from the note sued on would be equivalent to the verdict found by the jury. The credibility of the witnesses is exclusively a question for the jury, and, in our opinion, the preponderance of the evidence established the fact that the value of the Dooly Lumber Company stock accepted by the plaintiffs in error showed it to be worth from three to four hundred dollars, and not exceeding the latter figure. The verdict of the jury found $243.71, for the plaintiff; the note in suit was for $368.71,—a reduction of $125. The verdict, therefore, shows clearly that the jury adopted the theory of the plaintiffs in error, that they ought to be allowed a discount of twenty-five per cent.; and that they found the value of the Dooly Lumber Company stock to be $500. The jury would have been authorized, under the evidence, to find the value of the Dooly Lumber Company stock to be only $300, or to find it to be $400; and in either event, as the credit allowed would have been less, a greater verdict in favor of the plaintiff than that found would have been fully sustained. In this view of the case, the errors assigned in the petition for certiorari either failed to be sustained or be-

came entirely immaterial. Granting every contention of the plaintiffs in error, and that the court on another trial should rule in exact accordance with their view of the case, still, if the jury believe that the value of the Dooly Lumber Company's stock, after the rejection of the shop-worn goods, was worth no more than $500, the verdict would be the same. And as no reason appears why the result would be different, a new trial is useless. It is useless to grant a new trial for errors in a charge or ruling upon evidence, when the result of such trial and the judgment rendered therein is as favorable to the movant as it could be if there had been no error; and when, upon a review of the evidence, it is manifest that the finding of the jury was as favorable to the party complaining thereof as if no error had been committed, defects in the charge of the court become immaterial, it being otherwise evident that the parties have had a fair trial and the evidence was fully and properly submitted. *Judgment affirmed.*