### 4413.  ATLANTIC COAST LINE RAILROAD CO. *v.* WHITNEY.

RUSSELL, J.   1. The court did not err in permitting the process to be amended, so that it would bear test in the name of the presiding judge of the court, and thereafter ordering service to be perfected,, returnable to a later term of the court. Upon this point the decision is controlled by the ruling of this court in *Beach Lumber Co.* v. *Baxley Banking Co.*, 8 *Ga. App.* 251-253 (68 S. E. 946). There is "no time limited by law when the amendment of the writ should be made." *White* v. *Hart*, 35 *Ga.* 271.

2. There was no error in overruling the special demurrer to the plaintiff's petition, and the petition as a whole was sufficient to withstand the general demurrer. It was for the jury to say whether the wire which caused the fall of the plaintiff was the efficient proximate cause of her injury, or whether the injury was due to the acts of negligence alleged against the defendant; and the question could not be settled in a ruling on demurrer. The ruling upon this point is controlled by the decision of this court in *Atlantic Coast Line Railroad Co.* v. *Daniels*, 8 *Ga. App.* 775 (70 S. E. 203).

(*a*) In an allegation charging that the agents of the railroad company had knowledge of a custom on the part of the public of using a portion of its track as a pathway, and that this portion was used with the permission of those officers having charge of the tracks at that point, it is not necessary to allege by name the particular officers or employees therein referred to, it being alleged that their names are unknown to the petitioner.

(*b*) Construed in connection with other parts of the petition, the 8th paragraph, which alleged that the defendant was bound to anticipate the presence of the plaintiff upon the track, was not demurrable.

(*c*) The allegation of the petition in reference to the wantonness and wilfulness with which the alleged injury was inflicted may be demurrable; but the demurrer itself was insufficient, in that it was not specific enough to point out the defect, so as to require the judgment of the trial court.

3. The evidence authorized the finding of the jury, the verdict was not excessive, the charge of the court was a full, fair, and complete presentation of the law applicable to the issues involved, and there was no error in refusing a new trial.          *Judgment affirmed.*

DECIDED AUGUST 30, 1913.

Action for damages; from city court of Valdosta—O. M. Smith, judge pro hac vice.  August 2, 1912.

*Bennet & Branch, E. K. Wilcox,* for plaintiff in error.

*J. R. Walker, A. J. Little, James M. Johnson,* contra.