GREEN *v.* GREEN.

No. 8998.   FEBRUARY 18, 1933.
ADHERED TO ON REHEARING MARCH 4, 1933.

*C. G. Battle,* for plaintiff in error.

*Walter A. Sims* and *Joseph E. Berman,* contra.

RUSSELL, C. J. (After stating the foregoing facts.)

A motion was made to dismiss the writ of error, on four grounds. The first ground is that the certificate of the judge does not certify that the bill of exceptions contains all of the evidence material to a clear understanding of the errors complained of, nor allege that the bill of exceptions specifies all of the evidence material to a clear understanding of the errors complained of. The second ground alleges that the certificate is fatally defective, in that it does not certify that the bill of exceptions contains or specifies, as the case might be, all of the evidence material, etc., but only certifies that it specifies all of the record, etc. It is plain that both of these grounds go to the same point, so they will be treated together. The certificate in this case is in the following words: "I do certify that the foregoing bill of exceptions is true, and specifies all the record in said case material to clear understanding of the errors complained of; and the clerk of the superior court of Fulton County is hereby ordered to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such, and cause the same to be transmitted to the next term of the Supreme Court, that the errors alleged to have been committed may be considered and corrected." The second ground of the motion refers the court to the Civil Code (1910), § 6145, in which is embodied the form of the certificate to be attached by the court to each bill of exceptions. This section originated in an act of 1889 (Ga. L. 1889, p. 114), declaring: "The form of the certificate of the judge to the bill of exceptions shall be as follows: 'I do certify that the foregoing bill of exceptions is true, and contains (or specifies, as the case may be) all of the evidence, and specifies all of the record, material to a clear understanding of the errors complained of; and the clerk of the ...... court of .............. county is hereby ordered to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such, and cause the same to be transmitted to the ........ term of the Supreme Court, that the errors alleged to have been committed may be considered and

corrected.'" It must be borne in mind that while the statute declares that the form *shall be* as set out, the General Assembly, four years later (Ga. L. 1893, p. 52), declared that "It shall be the duty of the judge, to whom any bill of exceptions is presented, to see that the certificate is in legal form before signing the same; and no failure of any judge to discharge his duty in this respect shall prejudice the rights of the parties by dismissal or otherwise. Civil Code (1910), § 6147. This court held this act to be constitutional, in *McCommons* v. *English,* 100 *Ga.* 653 (28 S. E. 386). The effect of the later act was to place upon the trial judge all responsibility for the duty imposed by the prior act of 1889, and thereby to relieve the plaintiff in error from any duty in the premises, so far as the form of the certificate was concerned. This was recognized by the ruling in *Dierks* v. *Smith,* 119 *Ga.* 859 (47 S. E. 203), that "Where the only ruling complained of in the bill of exceptions is based on technical objections to the pleadings in the court below, and it appears as a matter of necessary inference that no evidence was introduced on the trial, the writ of error will not be dismissed on the ground that the certificate of the trial judge 'does not state that the bill of exceptions contains or specifies all of the evidence necessary to a clear understanding of the errors complained of.'" The court recognized that the mere fact that the evidence was not specified to be sent up, or was not contained in the bill of exceptions, as necessary to a clear understanding of the errors complained of, is not an essential prerequisite since the passage of the act of 1893, by saying: "On the call of the case in this court a motion was made to dismiss the writ of error, on the ground that the certificate of the trial judge to the bill of exceptions 'does not state that the bill of exceptions contains or specifies all of the evidence necessary to a clear understanding of the errors complained of.' As it affirmatively appears that the ruling sought to be reviewed was based on technical objections to the pleadings, and as there could not have been any evidence introduced after the striking of the caveat and dismissal of the appeal, the motion to dismiss is entirely without merit." It is therefore clear, that, even if an examination into the evidence were precluded by the form of the certificate in this case, the omission from the certificate pointed out by the motion to dismiss would not result in a dismissal of the writ of error, if the bill of exceptions presents for adjudication any question which is not dependent upon a consideration of the evidence.

■ The third ground of the motion to dismiss alleges that no effort was made by the plaintiff in error to brief the evidence in the case, the so-called brief of evidence being largely composed of objections to evidence, and the argument of counsel thereon, colloquies, etc. In *Roberts* v. *Rowell,* 152 *Ga.* 97 (108 S. E. 466), cited by counsel, no question was presented by the bill of exceptions which could be intelligently considered and passed upon without reference to the evidence. Therein the case differed from the case at bar, in which questions are presented which depend upon the pleadings, and upon rulings of evidence, which are stated in the respective grounds of the motion for a new trial. So this ground of the motion to dismiss does not reach far enough to dismiss the writ of error, for reasons similar to those stated as to the first and second grounds.

■ The fourth ground of the motion to dismiss is based upon the allegation that Mary Green, one of the parties in the court below, was not made a party to this case in the Supreme Court, and that she is a necessary party. Since it appears from the record that Mary Green, though by an order of court made a party to the proceeding, was never served, and no judgment could be rendered which would affect her, and none in fact was rendered against her, she could not be said to be interested in the result of the suit, and it was not error for the plaintiff in error to fail to make her a party to this bill of exceptions. As has several times been stated by this court, there is quite a difference between the case where the defendant excepts to a verdict obtained against him in the lower court and the instance where the plaintiff excepts because he did not obtain a verdict. *McNully* v. *Pruden,* 62 *Ga.* 135; *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859); *Edwards* v. *Wall,* 153 *Ga.* 778 (113 S. E. 190). In the case at bar the defendant in the lower court is the plaintiff in error. So far as appears from the pleadings, the interest of Mary Green must be the same as that of the plaintiff in error; and hence she could not be interested in maintaining a verdict which went against him. Mary Green could not be named as a defendant in error in this case, even if she had been served and had participated in the trial in the court below. So the motion to dismiss the writ of error is denied.

■ The question is presented whether the court erred in allowing the amendment to the petition filed on July 26, there being no

objection to the amendment of July 3. If the question were solely one of attempting to transform the petition of a wife that alimony be granted her from the property of her husband into a prayer for an accounting in a business partnership, unquestionably the answer would be that this would be the substitution of an entirely new cause of action not germane to the original proceeding. However, under the allegations in the original petition now before us, the petitioner sought from the beginning to present two independent and distinct causes of action, though perhaps the allegations are very scant. She alleged herself to be the wife of the defendant, and as such asked for alimony for her support, based upon the duty of a husband to support his wife. This was an attempt to obtain a judgment based upon the marital relation. At the same time and in the same petition, without being dependent at all upon any marital relation, she sought to recover half of alleged earnings of her own, which by agreement antedating the contract of marriage had been committed to the hands of the defendant as savings which would some time be divided between the two coworkers or partnership. There was no plea of misjoinder of parties or of causes of action, and no demurrer based upon the ground of multifariousness. So we think the court did not err in allowing the cause of action based upon the ground of alimony to be stricken and the petition amended, amplified, and elaborated so as to constitute a petition for an accounting. The case illustrates the thought of Chief Justice Bleckley when he said, in substance, that in Georgia the right of amendment was as broad as the plan of eternal salvation.

The amendment filed by the plaintiff on September 18, 1930, was objected to by the defendant on the ground, among others, that it was not verified as required by law, which objection was overruled by the court. This objection should have been sustained; but the error in the allowance of this amendment does not require the grant of a new trial, as the original petition, and the previous amendment which was properly allowed, amply set forth the cause of action sought to be enforced by the plaintiff against the defendant.

In the motion for new trial it is alleged that there is a fatal variance between the allegations and the proof; this, as contended, because, even under the evidence of the plaintiff, the parties made no arrangements as to profits and losses, and plaintiff did not know what bank the defendant put the money in, and did not know if

the money which he put into the bank came out of the store. Since it appears that there was no bona fide effort made to brief the evidence in the case, the court can not look to the purported brief of evidence to determine whether there is a fatal variance between the allegations of the petition and the proof submitted.

■ For the same reason as stated in the preceding division, this court is unable to determine the merit of the assignment of error contained in the second special ground of the motion for a new trial.

■ The third special ground assigns as error the admission of the following testimony by the plaintiff: "My name did not appear on the bank books." Conceding, but not deciding, that the evidence was subject to the objection, it would not have required the grant of a new trial, because the testimony that her name did not appear upon the bank books would have been unfavorable to her and favorable to the plaintiff in error. The fact that the bank books and the deposits evidenced thereby were not in the name of the plaintiff, and her name was not even mentioned therein, would be a circumstance of more or less weight indicating that her evidence as to the ownership of the fund accumulated and deposited in the bank was untrue; indeed, only an afterthought on her part.

■ Concerning the testimony referred to in the fourth special ground, we hold that it was justified by the pleadings, and we think the judge correctly held that it was admissible for the purpose of throwing light on the question whether or not there was a partnership, especially as he ruled that the evidence could not be used as a basis for recovering any of the money, but merely to illustrate whether there was a partnership.

■ Under the mandatory provisions of the Civil Code (1910), § 4863, the expression or intimation of an opinion by the court as to the evidence, or as to what has or has not been proved, requires the grant of a new trial, unless the statement relates to a point as to which it is conceded there is no dispute, or upon a point as to which the evidence is absolutely uncontradicted. However, we can not hold that the court may not express an opinion as to the sufficiency of the *pleadings* in a case, or adjudging the sufficiency of the pleadings by declaring that the pleadings are sufficient without amendment. For this reason, the assignment of error in the fifth ground of the motion for new trial is without merit. This assign-

ment of error is not meritorious upon the further ground that, if the remarks of the court were erroneous, it does not appear that it was in any respect injurious or harmful to the movant, because the jury refused to find in favor of the plaintiff any interest whatever in the automobile.

It is complained that under the charges of the court the jury were authorized to consider the claim of the plaintiff to an interest in the automobile, and might consider the ownership of certain store fixtures as well as her claim to an interest in the cash which she alleged belonged to the alleged partnership. The verdict awarding to the plaintiff only a half interest which she claimed in the bank deposit, the defendant was not harmed by the instructions complained of. "New trial will not be granted by the Supreme Court for any error except such as might have *hurt* the party moving for a new trial." *Boon* v. *Boon,* 29 *Ga.* 134 (2). "The verdict finding a portion of the property levied on subject was sustained by the evidence, and if there was error in finding any of it not subject, it was not error of which the claimant could complain." *Mathews* v. *Bosworth,* 76 *Ga.* 19 (3). "New trials are not granted for harmless errors. When the jury find a verdict which is necessarily correct in spite of erroneous instructions, errors in the charge are harmless. Where, upon review of the evidence, it is manifest that the finding of the jury was as favorable to the party complaining as if no error had been committed, defects in the charge are harmless; and it would be useless to order a second trial when the judgment rendered in the former trial is as favorable as it could have been had there been no error." *Clark* v. *Empire Mercantile Co.,* 2 *Ga. App.* 250. "A charge, though not applicable to the issues involved in the case, is not cause for a new trial, when it does not appear that the complaining party is probably hurt thereby." *Dolvin* v. *American Harrow Co.,* 131 *Ga.* 300 (10) (62 S. E. 198).

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents, and Gilbert, J., absent for providential cause.*

Beck, P. J.. concurs in the result.

ON MOTION FOR REHEARING.

Russell, C. J. The first point is made that the court overlooked the fact that counsel insisted, in the brief and argument, upon the exception taken pendente lite to the judgment allowing

the plaintiff's amendment filed on September 18, 1930; this court in its original opinion having stated that this assignment of error, "not being argued or referred to in the brief, is to be treated as having been abandoned." As we concede it to be our duty to render our judgment in exact accord with the facts as disclosed by the record, we granted the motion for a rehearing. We were seemingly misled by the manner and form in which the argument in the brief was presented, which indicated that the argument as stated in the brief was merely a statement of the facts. However, on having our attention centered upon the objection, we hasten to make the correction, and to rule that the exception is well taken, and that the court erred in the allowance of this amendment of September 18, 1930, upon the ground that it was not verified as provided by law. However, upon the merits, we are of the opinion that the court's error in allowing the amendment was not harmful to the defendant. Had the amendment been stricken as the defendant insisted it should be, because it was not verified, the final result would necessarily have been the same as that reached by the jury. This amendment was not necessary to supply a lack of the same matter incorporated in the petition. By a previous amendment, which was not subject to objection for lack of verification, the plaintiff had disclaimed all rights or claim for alimony and other relief dependent upon a state of marital relationship. And the petition, without the amendment of September 18, 1930, charged plainly and distinctly that the money in the bank was earned by the petitioner and the defendant under an agreement of equal division of the fund, and the plaintiff asked a recovery of one half of the joint funds.

The second ground of the motion for rehearing says: "This case was a case in which four Justices were to preside. The record purports that said judgment of the lower or trial court is affirmed; the records showing the following: 'Judgment affirmed. All the Justices concur, except Beck, P. J., who concurs in the result; Atkinson, J., who dissents; and Gilbert, J., absent for providential cause.' . . It is contended that the judgment of affirmance is not a judgment of affirmance as provided under the statutes and rules of this court." It appears from the record, as correctly quoted by counsel for plaintiff in error, that four Justices concurred in the judgment. Mr. Justice Atkinson dissented from the judgment of affirm-

ance. Mr. Justice Gilbert was absent for providential cause. All the remaining Justices, four in number, concurred in the result reached, to wit: the judgment of affirmance. The fact that Mr. Justice Beck concurred only in the result means nothing more than that he may not agree to the rulings of the Justice delivering the opinion, or may not have concurred in all of the grounds stated by the writer of the opinion as reasons why the judgment of the lower court should be affirmed. It appears from the record that two Justices agreed not only to the judgment but also to the argument and conclusions reached on all the points discussed by the writer of the opinion, without dissent from the principles announced by the writer or the manner and form in which the views of the writer were expressed. Yet their concurrence in the final judgment which affirms the decision of the lower court is no more potent in sustaining the judgment of the lower court than that of the Justice who concurred in no more than the judgment of affirmance. The judgment of affirmance was rendered by four Justices.

After careful consideration of the motion for rehearing, the opinion of the court is modified as pointed out, but the judgment heretofore rendered is adhered to. *All the Justices concur.*