25464. CAIN *v.* THE STATE.

332

*W. L. Nix, P. Cooley,* for plaintiff in error.

*Clifford Pratt, solicitor-general,* contra.

GUERRY, J.   The defendant was indicted for the offense of involuntary manslaughter.   The indictment contained four separate counts, each alleging the commission of a different unlawful act. The jury returned the following verdict: "We, the jury, find the defendant Baxter Cain guilty of involuntary manslaughter by his negligence.   This 10th day of December, 1935.   Min. 1, Maximum 1.   We recommend that he be punished as for a misdemeanor. F. M. Moore, Foreman."   A motion in arrest of judgment was made by the defendant, and out of this two questions seem to arise, to wit:   (1) Is the verdict void for uncertainty?   (2) If not void for uncertainty, does it follow the pleadings, in that it is a verdict of guilty of involuntary manslaughter in the commission of an unlawful act?   It is to be kept in mind that "verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Code of 1933, § 27-2301; *Telfair County* v. *Clements,* 1 *Ga. App.* 437 (57 S. E. 1059); *Smith* v. *State,* 117 *Ga.* 16 (43 S. E. 440); *Wood* v. *McGuire,* 17 *Ga.* 361 (63 Am. D. 246).   "This is the general spirit of the Code, as well as the expression of the more universal tendency of jurisprudence towards freedom from that slavish adherence to technical nicety which is the reproach of the common law.   .   .   In every verdict there must be a reference to the indictment and the issue, to make it have any meaning." *Arnold* v. *State,* 51 *Ga.* 144.   "A verdict is to be given a reasonable intendment, and, when ambiguous, may be construed in the light of the issues actually submitted to the jury under the charge of the court; and if, when so construed, it expresses with reasonable certainty a finding supported by the evidence, it is to be upheld as legal." *Barbour* v. *State,* 8 *Ga. App.* 27 (68 S. E. 458).

In the case at bar the defendant was charged with involuntary

manslaughter in the commission of various unlawful acts. The charge to the jury is not embodied in the record before this court, and it is to be presumed that the judge correctly instructed them on the law involved under the indictment. Their verdict was "guilty by his negligence." The violation of a criminal statute with reference to the operation and control of an automobile is negligence per se. It is to be presumed that the jury so found. They fixed a maximum and minimum punishment, which would apply only to a conviction of involuntary manslaughter in the commission of an unlawful act; and for no reason should this court hold the verdict void because the jury recommended that he be punished as for a misdemeanor, which was not within their power to do. This may be treated as surplusage. Certainly it is more evident that they found him guilty of the felony charge; for what would have been their reason for recommending that he be punished as for a misdemeanor? If the verdict had merely been "guilty," the law would presume that it was a conviction of involuntary manslaughter in the commission of an unlawful act. *Thomas* v. *State*, 121 *Ga.* 331 (49 S. E. 273). We do not see that the addition by the jury in their verdict, as was done here, of unnecessary verbiage, renders the verdict any less clear than had their verdict been one of "guilty." We think the judge properly overruled the motion in arrest of judgment.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*