## 26361. SOUTHERN RAILWAY CO. *v.* LUNSFORD, administratrix.

DECIDED NOVEMBER 30, 1937. REHEARING DENIED DECEMBER 16, 1937.

*E. S. Griffith, Walter Matthews, Maddox, Matthews & Owens,* for plaintiff in error.

*Arnold, Gambrell & Arnold, Price Edwards,* contra.

MACINTYRE, J. James M. Cox was the engineer in charge of a locomotive which was derailed and overturned near Bremen, Georgia. In this accident Cox lost his life, and this suit was filed under the employer's liability act of Congress by Lunsford, his administratrix. The petition originally contained two counts, one based on the negligence of the company in maintaining its track, road-bed, and equipment, and one because of the company's failure to keep an apparatus attached to the locomotive, and known as "little watchman," in proper functioning condition under the Federal safety-appliance law. This case has twice been tried, with a verdict for the plaintiff both times. It has been passed on by the Court of Appeals on a previous appeal from a verdict for the plaintiff (*Southern Ry. Co.* v. *Lunsford,* 50 *Ga. App.* 829, 179 S. E. 571) ; and being a suit under the Federal employer's liability act, it was carried to the Supreme Court of the United States by appeal (after the Supreme Court of Georgia had refused a certiorari to the Court of Appeals), the judgment was reversed for an error in reference to the device on the locomotive called "little watchman." The United States Supreme Court held that there was error in the charge of the trial court in submitting to the jury the question as to the maintenance of the "little watchman," in that the evidence showed such appliance to be an experimental device and did not come within the purview of the safety-appliance law regarding its being kept in a proper condition. No other point was dealt with by the United States Supreme Court. Southern Ry. Co. *v.* Lunsford, 297 U. S. 398 (56 Sup. Ct. 504, 80 L. ed. 740). Because of this ruling the entire second count was by amendment deleted from the petition, and the case proceeded to trial a

second time on the first count, which was based upon the alleged negligence of the railway company in the maintenance of its track and road-bed and equipment. The evidence adduced on behalf of the plaintiff, in so far as it tended to support the allegations of the first count, was substantially the same on this trial as that introduced on the first trial. The defendant introduced evidence additional to that on the first trial, tending to negative the charges of negligence in the maintenance of its track, road-bed, and equipment, and to show that the derailment of this locomotive and the consequent death of engineer Cox was caused by the placing of a rock on the rail, at a sharp curve in the track, by a negro boy who wanted to see if the engine would "bust" it. It was contended by the plaintiff, that, even if the rock had something to do with the derailment of the trucks, rotten ties and insecure rails caused the final derailment of the locomotive, its overturning, and the death of the engineer. The jury returned a verdict in favor of the plaintiff. The defendant moved for a new trial on the general grounds, and by amendment added several special grounds. To the overruling of its motion it excepted. For fuller and additional facts see the report in 50 *Ga. App.* 829, supra.

1. The evidence for the plaintiff on this trial was substantially the same as that adduced by her on the first trial, in so far as it concerned the first count of her petition, charging negligence on the part of the defendant in the maintenance of its railroad-track, road-bed, and equipment. The first count (the one upon which the case finally went to trial after the deletion of the second count) was demurred to, and the judgment overruling the demurrer was affirmed by this court. The first verdict was also attacked on the general grounds; and this court held: "There were two theories in the case, one of negligence and the other based on the safety-appliance laws. . . There was evidence tending to substantiate the plaintiff's case on both theories. The verdict was authorized. . . The petition set out a cause of action as to two theories, and the trial judge did not err in overruling the general demurrer; . . there was evidence to support the verdict, and . . the verdict was not contrary to law, and the trial judge did not err in overruling defendant's motion for new trial."

The fact that the defendant on the second trial introduced additional witnesses testifying to the same facts as did witnesses

in the previous trial, and that it introduced additional evidence which tended to support the evidence which had been introduced on the first trial, this additional evidence in the second trial tending to substantiate the evidence which negatived the charges made by the plaintiff of negligence in the maintenance of the track, road-bed, and equipment, merely makes a jury question, in view of the previous decision of this court. While the evidence in the first and second trials is not identical, if we consider the former decision of this court as persuasive, which we do, the verdict should not be set aside as without evidence to support it or contrary to the evidence. Thus we hold that the evidence authorized a verdict in the case sub judice. The jury are the arbiters of questions of fact; and the fact that the losing party introduces more evidence that the prevailing party will not invalidate the verdict, if there is some competent evidence to support the finding of the jury. The testimony of a single witness is generally sufficient to establish a fact. Code, § 38-121. While the jury may consider the number of witnesses, the preponderance of evidence is not necessarily with the greater number. § 38-107. "Sometimes, in the minds of jurors, the testimony of one witness is of more weight and credit than of three, nay, than a host of witnesses." *McGriff* v. *McGriff,* 154 *Ga.* 560, 564 (115 S. E. 21). In that case the court held that although the plaintiff introduced more witnesses than the defendant, the refusal of the judge to grant a new trial under § 70-206 was not error. While the trial judge may grant a new trial where the verdict is against the weight of the evidence, such is not the province of this court; for that is a matter within the discretion of the trial judge.

2. The first three special grounds of the motion for new trial are merely elaborations of the general grounds. The defendant contends that the evidence shows, beyond dispute, that the sole proximate cause of the derailment of the train and the resulting death of the engineer was the rock placed on the rail by a boy when he heard the train coming; that the undisputed evidence shows that track conditions did not, and could not, have proximately caused or contributed to the derailment of the train; and that the evidence was wholly insufficient to show any defect or insufficiency in its engine, care, appliances, machinery, track, road-bed, or other equipment, or to show any negligence in the

maintenance and use thereof. These contentions were determined adversely to the defendant in the preceding division of this opinion. However, we may say that the jury were authorized to find that the ties were not in good condition at the point of the derailment of the trucks, as well as farther down the line where the engine actually turned over. In St. Louis &c. Ry. Co. v. Thurman, 110 Ark. 188 (161 S. W. 1054), a train was derailed, and the company claimed that it was caused by obstructions placed on the track, the porter on the train testifying that rocks, bolts, and other things were found on the track after the wreck. Other witnesses for the company testified that the track was in perfect condition. Two boys were indicted for wrecking the train by placing things on the railroad-track. Other witnesses testified that they had heard these boys admit that they had placed on the track the obstructions which derailed the train. The boys testified as witnesses, denied having anything to do with wrecking the train, and stated that their confessions and statements were caused by threats and inducements held out to them. The plaintiff in the Thurman case showed that at the place where the wheels left the track there were rotten ties, that there were indications that the rails had spread at this point, and that the spikes were not driven into the ties down to the rails. In these circumstances a verdict in favor of the plaintiff was held authorized under the evidence. In the instant case we think it was a jury question whether the bad condition of the defendant's track in the immediate proximity of the place of derailment did not directly contribute to the wreck and was not a cause without which the wreck would not have occurred. The fact that some other cause may have contributed to the danger of derailment would not defeat a recovery, if it appears that the fault of the company also proximately contributed. Shugart v. Atlanta, K. & N. Ry., 133 Fed. 505, 511. See generally Schaff v. Lyon (Tex. Civ. App.), 251 S. W. 592; Wisconsin &c. Co. v. Jackson, 163 Ark. 436 (260 S. W. 418); Missouri &c. Co. v. Bushey, 180 Ark. 19 (20 S. W. (2d) 614); Schlueter v. East St. Louis &c. Co., 316 Mo. 1266 (296 S. W. 105); Chesapeake &c. Co. v. Russo, 91 Ind. App. 648 (163 N. E. 283).

3. The defendant contends that the court erred in charging the jury in the exact language of 45 U. S. C. A. 379, § 53, that "This law [referring to the Federal employer's liability act of

1908] further provides that in all actions brought against any such common carrier by railroad under any of the provisions of this act, to recover damages for the death of an employee, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee; provided that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." This case was brought under the Federal employer's liability act of 1908, and under that law if the injured employee was guilty of contributory negligence, this would not bar a recovery, but the damages would be diminished in proportion to the amount of negligence attributable to such employee. If the defendant did not make any contention that the damages should be diminished on account of the contributory negligence of the deceased, and if the pleadings and the evidence presented no such question, the giving of this instruction, if error, was error against the plaintiff. The defendant can not ordinarily complain of an instruction more favorable to him, and which in no way harms him. See *Bibb County* v. *Ham,* 110 *Ga.* 340 (35 S. E. 656); *Mayor &c. of Macon* v. *Humphries,* 122 *Ga.* 800 (50 S. E. 986). While the pleadings did not make any distinct issue as to contributory negligence (in Georgia comparative negligence) and apportionment of damages, nor was there any request to charge on this subject, yet the evidence authorized a reasonable inference that the question of diminution of damages was involved, and thus the evidence authorized a charge on that subject. *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421, 425 (60 S. E. 1056); *Central Ry. Co.* v. *Hill,* 21 *Ga. App.* 231 (2), 233 (94 S. E. 50); *Central R. Co.* v. *Harris,* 76 *Ga.* 501; *Central Ry. Co.* v. *Prior,* 142 *Ga.* 536 (83 S. E. 117).

4. The defendant contends that it was error requiring a new trial for the judge to read in charge to the jury that part of U. S. C. A. 45, § 53, which is as follows: "Provided that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of

employees contributed to the injury or death of such employee." We think the jury thoroughly understood from the charge that the question of the "little watchman" was no longer in the case, and that the company was not charged with a violation of any statute enacted for the safety of employees. It does not appear that the reading of the inapplicable part of this section was calculated to mislead the jury or was prejudicial to the interest of the losing party. *Martin* v. *Hale,* 136 *Ga.* 228 (2) (71 S. E. 133).

5. The defendant assigns error on the following instruction of the court to the jury: "You are instructed, however, that if the defendant was negligent in some or all of the particulars described in the petition, and if such negligence in part was the cause of the death of the decedent, then and in such event if you find that the decedent was guilty of negligence, such negligence of the decedent would not entirely defeat a recovery, but would only diminish or reduce the damages which would be awarded to the plaintiff; and in such case of negligence on the part of the decedent the damages would be diminished by the jury in proportion to the amount of negligence attributable to the employee, Mr. Cox. If the jury find from the evidence that the decedent was negligent in the manner of performing his duties, or in not properly guarding against danger under the circumstances of the case, then you would consider these acts of negligence, if you find the defendant was guilty of negligence which in part contributed to the death of the decedent. In such case, if you find that the decedent was guilty of some negligence, but that the defendant's negligence was also in part the cause of such death, then the decedent's negligence would be considered by the jury in reduction of damages, and such negligence would reduce the amount in proportion to the amount of negligence attributable to the decedent." From what is stated in the foregoing division of this opinion, the charge here excepted to does not require the grant of a new trial. Said charge did not tend to confuse and mislead the jury into believing that there was no question left in the case for them to determine except as to the amount of damages that plaintiff should receive, and that the plaintiff was entitled to some damages, under the law and the evidence.

6. The court did not err in charging the jury as follows: "There are certain risks of employment which an employee assumes in

entering employment; and if the injury results from some of these assumed risks, then there is no liability for such injury on the part of the employee. An employee assumes the risks of such dangers as are normally and necessarily incident to the occupation, whether he is aware of them or not. A risk of another sort, not naturally incident to the occupation, may arise out of the failure of the employer to exercise due care with respect to providing a safe place of work, or suitable and safe appliance for the work. These the employee is not treated as assuming until he becomes aware of the defect or disrepair, and of the risk arising from it, unless the defect and risk alike are so obvious that any ordinarily prudent person under the circumstances would have observed and recognized them. An employee does not, however, assume the risk of conditions of which he is not aware or which in the exercise of ordinary care he would not have discovered; nor does he assume the risk of injury or death from the negligence of the defendant or its other employees of which he did not know, or of which in the exercise of ordinary care he would not have discovered; nor does he assume the risk of injury or death from the negligence of the defendant or its other employees of which he did not know or of which he in the exercise of ordinary care could not have known." Nor did the court commit reversible error in thereafter instructing the jury: "The defendant further claims that the decedent met his death as a result of risks assumed by him in the service of the defendant. You will consider this contention in the light of the instructions which I have given you upon this subject, and of course which I will hereafter give you." The defendant contends that this instruction was incorrect under the pleadings and the evidence, in that there was no contention made by it that the employee met his death as a result of an assumed risk, ordinary or extraordinary. The defendant asserts that this tended to confuse the jury and to lead them to believe that plaintiff was entitled to recover unless they found that the employee's death was the result of an assumed risk, and this necessarily placed defendant in a false and losing position as to such issue, and discredited and prejudiced the jury against it and caused the jury to believe that defendant was not dealing fairly with them, and this tended to cause the jury to believe that the other defenses actually made by the defendant were false and had not been sus-

tained. None of these criticisms are meritorious. *Atlantic Coast Line R. Co. v. Tomlinson,* 21 *Ga. App.* 704 (2) (94 S. E. 909); *Southern Ry. Co. v. Wessinger,* 32 *Ga. App.* 551, 560 (124 S. E. 100). The instruction just quoted embodied a correct principle of law. Gila Valley &c. R. Co. *v.* Hall, 232 U. S. 94, 101 (34 Sup. Ct. 229, 58 L. ed. 521). This instruction, even if inapplicable, did not tend to harm or prejudice the defendant in any way; and if it injured any party as not being based upon any pleadings and evidence, it was injurious and harmful to the plaintiff and not to the defendant. *Clark v. Empire Mercantile Co., 2 Ga. App.* 250 (58 S. E. 363); *Long v. Gilbert,* 133 *Ga.* 691, 696 (66 S. E. 894); *Telfair County v. Clements,* 1 *Ga. App.* 437 (57 S. E. 1059); *Atlantic Coast Line R. Co.* v. *Odum,* 5 *Ga. App.* 780 (63 S. E. 1126).

7. The defendant complains of the following excerpt from the charge of the court: "If the jury find from the evidence that the derailment of the locomotive and its subsequent turning over and causing the death of the decedent was due to a rock placed upon the track by some person, . . and if the plaintiff has not proved by a preponderance of the evidence that the defendant railway company was guilty of negligence contributing proximately to the derailment and turning over of the engine, as charged in the petition, then there can be no recovery by the plaintiff in this case. The defendant is not liable unless it is guilty of negligence in one or more of the particulars charged in the petition. However, if the jury believe from the evidence that a rock was placed upon the track at the point of initial derailment, and if you further believe from the evidence that this was one of the contributing causes of the derailment, but if you further believe from the evidence that due to the negligence of the defendant railway company there were defects and insufficiencies in the track, road-bed and right of way of the defendant railway, as stated in the petition, and this was also a proximate contributing cause of the initial derailment, and that but for such defective and insufficient conditions of track and road-bed the initial derailment would not have occurred, and if the initial derailment was the cause of the final derailment and the death of the decedent, then under such circumstances the plaintiff would be entitled to recover damages in this case." This charge was not erroneous for any of the

reasons assigned. The evidence did not demand a finding that the initial derailment was caused solely by the placing of a rock on the track. The evidence did not wholly fail to show any defects in the track or road-bed at this point. The excerpt here complained of stated a correct and applicable principle of law. There was some evidence of defective ties, improper road-bed, and the like. It was for the jury to say whether such condition of ties, etc., was likely to have caused, or partly caused, a derailment. The question of the proximate cause is generally one for the jury. Under the facts of this case it would be for the jury to say whether or not the rock placed on the track was the sole proximate cause, or whether it was one of the causes, of the death of the deceased employee. *A. C. L. R. Co.* v. *Whitney,* 13 *Ga. App.* 345 (79 S. E. 181) ; *Georgia R. &c. Co.* v. *Norris,* 135 *Ga.* 838 (70 S. E. 793). An act wanting in ordinary care that actively aided in producing the injury as a direct and existing cause is a proximate cause thereof. *Southern Ry. Co.* v. *Tankersley,* 3 *Ga. App.* 548, 552 (60 S. E. 297). "The juridical or proximate cause of an injury is not necessarily the sole cause." *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161 (59 S. E. 442). The Federal employer's liability act itself provides that the carrier is responsible for injuries or death "resulting in whole or in part from" its negligence or that of its officers or agents.

8. The court charged the jury that "even if the alleged first derailment of the front truck of the engine resulted because of a rock placed on the track, and if you further believe that said first derailment was not caused by the negligence of the defendant, still if you believe that subsequently, and after running a further distance on the track, that the eventual derailment and turning over of the engine and death of decedent was due to a defective and insufficient condition of the track at that point, due to the negligence of the defendant as alleged in the petition, then the plaintiff would be entitled to recover damages in such event, provided you believe that but for the alleged negligence of the defendant in bringing about such defective and insufficient condition of the track at the point of final derailment that the wreck and death of the decedent would not otherwise have occurred. All these are questions of fact for the jury. The defendant is only responsible for the results of its own negligence, if any, whether it be at the

point of original derailment as described in the petition, or at the point of final derailment as described in the petition." In the motion for new trial the defendant complains of this excerpt from the charge. The plaintiff alleged, in the first count of the petition, that "at a point about 25 or 35 feet west of the switch which turned to the right and at which point the engine began to turn over and finally did turn over, the cross-ties were rotten and not securely ballasted, and that the spikes were almost out of the plates, and the rail was not secure; all of which contributed to the said final derailment after the engine had run said seven tenths of a mile." The contention that the foregoing charge was error because such allegations of the plaintiff were not supported by any evidence is not well taken. There was some testimony in support thereof, and the photographs introduced by the plaintiff tended to show a condition of the track, spikes, and ties, from which the jury were authorized to find that the defendant was negligent as alleged, and that this negligence contributed to the final derailment of said engine. Questions of negligence, proximate cause, etc., are for the jury, and a court ought not to take the place of the jury in solving them. *Southern Cotton-Oil Co.* v. *Gladman,* 1 *Ga. App.* 259 (58 S. E. 249) ; 8 Mich. Dig. Supp. 836, and cit. It was ruled in the previous decision of this case that the evidence authorized a recovery on the first count. The defendant states that the foregoing allegations of plaintiff are inconsistent with other allegations as to how the derailment and overturning of the locomotive happened or was caused. As stated by the court in the above charge, this was a question of fact for the jury. If the jury found that the defendant's negligence, either at the first point or at the place of final derailment, caused such derailment, a recovery would be authorized.

9. The second count of the petition having been striken, only the first count remained. And with reference to the first count, the charge in the second trial was in effect the same as the charge in the first trial; and we think the language of the court when this case was formerly here (50 *Ga. App.* 829, 838) is applicable to the charge now attacked, namely, that the charge "as a whole was correct and submitted the issues in this case to the jury in a fair and proper manner." None of the exceptions to the charge in the instant case show error as against the defendant.

10. The court did not err in admitting in evidence certain photographs of the condition of the ties and track at the scene of the derailment, and in allowing the person who took such pictures to testify that they were correct, in that such photographs were taken two or three months after the wreck, and were immaterial and threw no light on the condition of the track and ties at the time of the wreck. Taking into consideration the testimony of witnesses other than the photographer as to whether any changes had been made in the track, the jury could find that the physical surroundings were the same at the time the pictures were taken as they were at the time of the wreck, no great amount of time having elapsed. Where "the photograph represents the conditions as contended for and shown by the evidence of the party offering the same to have existed at the time of the occurrence in controversy, they should be allowed to go to the jury as illustrative of his evidence, under proper instructions." *Georgia Power Co.* v. *Gillespie,* 48 *Ga. App.* 688, 701 (173 S. E. 755).

Applying the rulings above stated, the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Guerry, J., concurs. Broyles, C. J., disqualified.*